### JEFFERSON ELECTRIC CO. v. SOLA ELECTRIC CO.

#### No. 7534.

Circuit Court of Appeals, Seventh Circuit.

July 22, 1941.

Lynn A. Williams, Leslie W. Fricke, and Carroll J. Lord, all of Chicago, Ill., for appellant.

Thomas H. Sheridan, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

Appellee filed its motion to dismiss an appeal from an order of the District Court dismissing appellant's counterclaim filed in appellee's suit to collect royalties alleged to be due under a patent license agreement. By the counterclaim, defendant-appellant sought a declaratory judgment holding invalid certain claims of the patent under which it held the license agreement.

As grounds for its motion to dismiss, appellee asserts that the order from which the appeal was taken is not an appealable one, being an interlocutory one which neither granted, denied, nor dissolved an injunction. It cites the case, General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408, where the Court held that an order dismissing a counterclaim in a patent infringement suit was an interlocutory one, appealable in that case, however, inasmuch as it denied an injunction. Appellant replies that the order from which it appealed was a final judgment or decision, the enforcement of which was not stayed, which finally adjudicated the rights of the parties as to the separate and independent cause of action presented in the counterclaim.

Appellee sued appellant for an accounting of royalties alleged to be due under the provisions of a license agreement entered into between them, by which appellee licensed appellant to manufacture, use and sell transformers under certain patents, Nos. 1,777,256, to Daley, et al., and 1,786,-422, also to Daley, et al. The license agreement included the following, among other provisions:

10. "The Jefferson Company agrees that it will bring and diligently prosecute such suits for infringement of the patents under which this license is granted as may reasonably be necessary for enforcing those patents and preventing unlicensed competition."

11b. "In the event that any of the claims of any Letters Patent under which a license is granted hereunder are held in any suit for infringement to be invalid or not infringed, or are awarded to another by a court of last resort or by a lower court or tribunal of competent jurisdiction from whose judgment no appeal is taken or certiorari granted within the period allowed therefor, then with respect to any claim so held to be not infringed the construction placed upon the claim by such court shall be followed with respect to acts occurring after the date of entry of the judgment or decree of such court or the issuance of the mandate, and with respect to any claims held invalid or awarded to another, the licensee shall be relieved from including in its reports hereunder transformers shipped, and acts performed, after the date of entry of the judgment or decree, or the issuance of the mandate of such court or tribunal, covered only by such claims, provided, however, that if there are two or more such final judgments, decrees, or mandates with respect to the same claim, the one more favorable to the claim shall be

followed if, and so long as there is reasonable ground to believe that that judgment, decree or mandate is correct."

As grounds for the declaratory judgment prayed in its counterclaim, appellant sets up the facts that appellee, in March, 1936, sued the France Manufacturing Company in Ohio for infringement of Patent No. 1,777,256, relying originally upon claims 1 to 5 inclusive, 7, 8, and 12 to 21, inclusive. Subsequently, plaintiff announced there that it would rely only upon claims 8, 14 and 19, which were thereupon held valid and infringed, which holding of the District Court was affirmed by the Court of Appeals for the Sixth Circuit. France Mfg. Co. v. Jefferson Electric Co., 106 F.2d 605.

Appellant asserts that appellee thereby sought to escape a formal adjudication of the other claims of its patent because of the effect of a finding of invalidity of such other claims upon the license agreement, and that "the intent of the parties to and the spirit of said license agreement, particularly the provisions of paragraph 11b thereof, was and is that in any suit for infringement of said Letters Patent the plaintiff would put and keep in issue such claims of said Letters Patent as were infringed and that if any claims were held invalid the defendant herein thereupon would be relieved from including in its reports thereafter transformers shipped and acts performed, after the entry of the judgment * * * covered only by such claims; that the plaintiff, without any justification, is attempting to collect royalties and is attempting to exercise unlawfully price control over the defendant herein on transformers which, if covered at all, are covered only by claims of said Letters Patent which were charged to be infringed and were subsequently withdrawn from issue in said prior suit and which are in fact void; and the defendant avers that equity, good conscience and fair dealing require that all such other claims of said Letters Patent so charged to be infringed and withdrawn from issue in said prior suit be formally adjudicated herein to be invalid and of no further force and effect."

While it is no doubt true that under the ruling of General Electric Co. v. Marvel Co., supra, the order here involved might well be considered an interlocutory one, not appealable since it did not involve injunctional relief, nevertheless we are convinced that the New Rules of Federal Procedure, 28 U.S.C.A. following section 723c, promulgated since the decision relied upon, have materially changed the law regarding dismissals such as the one here involved. Rule 41 provides as follows:

(b). "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." (Our italics.)

(c). "The provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party claim. * * *"

We think that the effect of this rule is to render a dismissal of the counterclaim an adjudication on the merits, appealable if at all, like any other final order, within the time limits elsewhere provided by statute for appeals from final orders. Cf. Collins v. Metro-Goldwyn Corp., 2 Cir., 106 F.2d 83. If this is true, it follows that delay in prosecuting an appeal from the order of dismissal until final decision of the original cause of action would bar appellant from its appeal. Hence, if appellant was to have an appeal from the denial of the cause of action set up in its counterclaim, it had to take its appeal as it did, within the three months after entry of the order of dismissal appealed from. We think this is an unfortunate result of the rule for the reason that it requires separate appeals from very closely related cases which would much better be combined for hearing on one appeal. However, under the rule quoted, we see no way of avoiding the duplication of appellate hearings.

Inasmuch as the merits of the order of dismissal are in no way involved in our consideration of this motion to dismiss the appeal, we express no opinion as to them. The motion to dismiss the appeal is denied.