189 So.2d 468

Jeanie T. METHVIN

v.

Eugene W. METHVIN.

6 Div. 187.

Supreme Court of Alabama.

Feb. 10, 1966.

Rehearing Denied Aug. 25, 1966.

David J. Vann and Berkowitz, Lefkovitz, Vann, Patrick & Smith, Birmingham, for appellant.

No attorney for appellee.

SIMPSON, Justice.

The appellant, who was the complainant below, filed a bill in the nature of a bill of review which sought to have set aside a decree of divorce entered in the Circuit Court, Tenth Judicial Circuit, on September 3, 1938, styled E. W. Methvin v. Janey Methvin. This divorce decree was entered after taking testimony following a pro confesso on publication, pursuant to an affidavit by the solicitor for E. W. Methvin that he believed one Janey Methvin to be a non-resident of Alabama, "but that he had made diligent inquiry and search and has been unable to ascertain the place of her residence". The present bill averred that complainant, the wife of E. W. Methvin at the time of the 1938 divorce, was named Jeanie T. Methvin, not Janey Methvin; that she was in fact a resident of Alabama, residing at 128 Gray Street, Oxford, Alabama; that her residence was in fact known to her husband at the time he filed his bill for divorce and that she had a good defense to the 1938 bill.

On June 17, 1964, after taking of testimony, the trial court entered its final decree dismissing the complaint. Thereafter complainant filed her application for rehearing which was denied. This appeal followed.

There are but two assignments of error, the first charging that the court erred in dismissing the bill; the second charging that it erred in overruling complainant's application for rehearing. The respondent, appellee, is not represented in this court on this appeal, counsel who represented him below having advised the court that he no longer represents Mr. Methvin.

First, disposing of the overruling of complainant's application for rehearing. This assignment of error is without merit since the court did not modify the original decree.—See Equity Rule 62 and annotations.

Much of the evidence is in conflict, particularly on the issue of appellee's actual knowledge of his wife's whereabouts in 1938. However, the following seems to have been established:

These people were married on April 22, 1908, at Jasper, Alabama. They are both

presently over 70 years of age. The appellant's maiden name was Eugenia Elizabeth Toland. She has since her marriage been known as Jeanie T. Methvin. There were two children born of the marriage in 1909 and 1910. The parties have not lived together for any extended period of time since 1925. The husband testified that he had never lived with her "a year in my life". He lived and worked in a remarkable number of places throughout these years. The appellant herself lived and worked in several different states during this period. They are in agreement that they parted company in Aztec, New Mexico in 1925, when the wife claims he was headed to El Paso, Texas, in search of work. He claims that he came to Sheffield, Alabama. Although she contends here that her husband deserted her in 1925, she says that he showed up in Oxford, Alabama in 1929 and 1935 and visited her in Oxford intermittently from 1935–1938, and that they lived together as man and wife on all of these occasions. Appellant claims that the divorce rendered in 1938 was unknown to her until 1950 when she learned about it on a trip to Georgia. Methvin testified that "to the best of my knowledge" he was living in Birmingham when the 1938 divorce was granted. He went to Birmingham about 1936 and stayed until after he got the divorce. At that time he did not know where Mrs. Methvin was living. He claimed that he had last seen her in Aztec, New Mexico, in 1923 or 1924.

■ The appellant's attack on this 1938 divorce decree is based upon the alleged fraud perpetrated upon her and the court by the complainant therein in that he did in fact know her whereabouts in 1938 and did in fact know that she was a resident of Alabama. If the appellant had been able to prove these allegations and prove that her husband knew her whereabouts we would be called upon to decide whether those facts constituted such fraud as would

require setting aside the decree at this late date. However, testimony for the appellant on these points wholly failed to prove that her husband knew where she was in 1938. In fact the history of this marriage is such that it is easy to believe that neither party knew the whereabouts of the other at any particular time from 1925 on. The appellant introduced an envelope addressed to her husband in 1936 carrying her Oxford, Alabama address as the return address which was returned to sender because of improper address. We cannot see how this would tend to show that appellee knew her whereabouts two years later. It simply indicated to us that it is quite possible that neither knew the whereabouts of the other in 1936 or any other time. This issue was resolved against the appellant and since it was a question of fact the finding of the trial court must stand if there be any evidence to support his finding.—Alabama Dig., Appeal and Error, ☞1008, et seq.

■ The appellant next argues that service by publication was ineffective in the 1938 proceeding because the respondent therein was designated "Janey" rather than "Jeanie". We cannot agree with the appellant that the doctrine of idem sonams has no application here. We do agree that good practice requires that defendants should be properly designated and their names should be correctly spelled. However, it seems to us that "Janey" and "Jeanie" sound enough alike to invoke the idem sonams rule.—See Johnson v. State, 34 Ala.App. 623, 43 So.2d 424, cert. denied 253 Ala. 194, 43 So.2d 431; Clements v. State, 19 Ala.App. 640, 99 So. 832; Miller v. State, 110 Ala. 69, 20 So. 392; and other cases collated at 20D So.Dig. Names, ☞16.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.