314 So.2d 61

Michael B. CORONA

v.

**SOUTHERN GUARANTY INSURANCE COMPANY, INC., a corp., as Subrogee of Oliver Milton Ragsdale.**

**SC 1083.**

Supreme Court of Alabama.

May 29, 1975.

Cooper, Mitch & Crawford, and John C. Falkenberry, Birmingham, for appellant.

Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

EMBRY, Justice.

This appeal is from an "ORDER ON MOTION TO STRIKE COUNTER-CLAIM." The counterclaim was filed by defendant Corona against Oliver Milton Ragsdale, the nonparty subrogor of plaintiff Southern Guaranty Insurance Company, Inc. The action was brought by Southern Guaranty against Corona for the negligence of Corona resulting in damage to the Ragsdale automobile. The complaint was captioned:

"SOUTHERN GUARANTY INSURANCE COMPANY, INC. a Corporation, as subrogee of Oliver Milton Ragsdale

> Plaintiff

vs

MICHAEL B. CORONA

> Defendant"

Corona answered by general denial, alleged contributory negligence on the part of Ragsdale, and counterclaimed against Ragsdale.

Ragsdale moved to strike the counterclaim on the grounds that he was not a party plaintiff and the court had no jurisdiction over him. The motion to strike the counterclaim was granted without opinion by the trial court.

Southern Guaranty has filed a motion to dismiss this appeal, together with an amendment to it, contending that the order granting the motion to strike the counterclaim is not appealable. Before dealing with the motion to dismiss the appeal we will first discuss the merits of the case. See Gillespie v. United States Steel Corp., 321 F.2d 518 (6th Cir. 1963) (preferring decision on the merits).

▮ ARCP 10(a) requires that in a complaint the title shall include the names of all the parties. ARCP 17(a) states:

"In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the ac-

tion shall be brought in the names of the subrogor and the subrogee."

The obvious intent of 17(a) is twofold. First it seeks to avoid confusion over who are parties plaintiff. Secondly it allows the title of the complaint to affirmatively indicate that the subrogor no longer has any pecuniary interest in the claim and therefore none in the outcome of the litigation. In short, it allows a short and plain statement of the claim showing *who* is entitled to relief when subrogation has occurred. ARCP 8(a).

█ Reading the caption of the complaint shows its conformity to ARCP 17(a). The title of the complaint clearly shows that the subrogor no longer has any pecuniary interest in the claim when the qualifying phrase " * * * as subrogee * * *" is used. This demonstrates beyond doubt that Ragsdale is not a party plaintiff. Appellant's apparent confusion in this regard derives from the body of the complaint which does speak in terms that could indicate Ragsdale to be a party plaintiff. However, as ARCP 10(a) indicates, it is the title of the complaint and not the body that establishes those parties who are before the court as litigants.

█ It follows from ARCP 13(a) that assertion of a counterclaim against Ragsdale was impermissible and properly stricken.

"Under both subdivisions (a) and (b) of Rule 13, a counterclaim may be asserted only against an 'opposing party.' * * * The traditional principle appears to be that unless a person has submitted himself to the jurisdiction of the court in a capacity by making a claim in that capacity, then he is not an 'opposing party' such that a compulsory counterclaim must and a permissive counterclaim may be entered against him in that capacity. * * *" 3 Moore's Federal Practice, ¶ 13.06[1]. See also Annot. 1 A.L.R. Fed. 812.

In making this determination we have not overlooked the cases of Bowen v. Snell, 9 Ala. 481 (1846) and 11 Ala. 379 (1847), and Hooper v. Armstrong, 69 Ala. 343, cited by appellant in brief. Those cases allowed a setoff to be pleaded against one not a party *where that person had a real beneficial interest in plaintiff's claim.* Suffice it to say that ARCP 17(a) commands that one with a pecuniary interest be made a party to the action so that a counterclaim could be asserted against him. The 'title of the complaint in this case shows that Ragsdale had no such interest.

█ The foregoing notwithstanding, we have before us a motion to dismiss the appeal contending that the order striking the counterclaim is not appealable since it is not a final judgment.

It has been held that such an order is a final judgment from which an appeal will lie. "We think that the effect of this rule [FRCP 41(b)] is to render a dismissal of the counterclaim an adjudication on the merits, * * *." Jefferson Electric Co. v. Sola Electric Co., 122 F.2d 124 (7th Cir. 1941) and 125 F.2d 322 (7th Cir. 1941), rev'd on other grounds, 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165. However,

"* * * It is true that earlier Jefferson Electric Co. v. Sola Electric Co., 7 Cir., 122 F.2d 124, had held dismissal of such a counterclaim to be a final order; but * * * the court appears to have been misled by the effect of Federal Rule 41(b, c), making such a dismissal an adjudication upon the merits. It did not cite the more pertinent and decisive rule, 54(b). * * *" Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 154 F.2d 814 (2d Cir. 1946). See also Winsor v. Daumit, 179 F.2d 475 (7th Cir. 1950) (explaining *Sola* decision).

ARCP 54(b) states:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or

third-party claim, * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The trial court in this case did not find there was no just reason for delay and expressly direct entry of judgment. Until there is final adjudication on the complaint and answer, the court could revise its order striking the counterclaim. There is, therefore, no final judgment from which an appeal will lie. Ala.Code, Tit. 7, § 754; Cates v. Bush, Ala., 307 So.2d 6; Bush v. United Benefit Fire Insurance Co., 311 F. 2d 893 (5th Cir. 1963); Shwab v. Doelz, 229 F.2d 749 (7th Cir. 1956); Wright & Miller, Federal Practice and Procedure, § 1408. See also Clark v. Taylor, 163 F.2d 940 (2d Cir. 1947) Frank J., dissenting (discussion of fragmentary appeals); Audi Vision Inc. v. RCA Mfg. Co., 136 F.2d 621 (2d Cir. 1943) (discussion of Rule 54(b)); Annot. 38 A.L.R.2d 356. Furthermore

> "It is clear that the order appealed from did not terminate the action between the parties to the proposed counterclaim, but merely denied appellant the right to assert it in the interpleader action. * * * The very fact that appellant could * * * commence a separate action in another forum demonstrates conclusively that there has been no decision on the merits. * * *
>
> *   *   *   *   *   *

"However, assuming arguendo, that the order is a final decision, we agree with the court below that plaintiffs are not 'opposing parties' within the meaning of Rule 13. We think the rule, by its express terms, means that an 'opposing party' must be one who asserts a claim against the prospective counter-claimant in the first instance. The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it. * * *" First National Bank in Dodge City v. Johnson County National Bank and Trust Co., 331 F. 2d 325 (10th Cir. 1964).

In this case the order striking the counterclaim merely denied appellant the right to assert his claim in this action. That order is revisable at any time prior to final adjudication on the other claims. Motion to dismiss this appeal is granted.

Appeal dismissed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.