Robinson appeals from an order of the trial court which dismissed his counterclaim because the claim was the same as that asserted by Robinson in a prior pending federal court suit against the same parties. The order is not a final judgment from which an appeal may be taken, therefore, the appeal is dismissed.
On January 6, 1976, Robinson filed an action in the United States District Court for the Northern District of Alabama against Computer Servicenters, Inc., (CSI), its directors, chief executive officers, and Sterne, Agee Leach, Inc. The suit was a derivative action on behalf of CSI by Robinson alleging violations of certain provisions of the federal securities' laws. In the federal court action Robinson requested a declaration that an employment contract between himself and CSI was fraudulently entered into by CSI and that a non-competition provision was void, and that he owed no payments to CSI under the terms and conditions of a subscription agreement.
On May 10, 1976, CSI filed the present action against K.G. Robinson Associates and Robinson, seeking to enjoin Robinson from violating the non-competition agreement and to specifically perform the subscription agreement.
Robinson sought to have the federal court enjoin the state court suit on the grounds that the same issues were being tried in the prior pending federal court suit. This relief was denied. *Page 301 
In his amended answer to the state court suit, Robinson added the directors and chief executive officers of CSI, and Sterne, Agee Leach, Inc., as defendants and asserted a two-count counterclaim. The counterclaim sought the same affirmative relief Robinson sought in the federal suit's pendent claim. Robinson demanded a jury trial.
In the state court suit CSI filed a motion for separate trial of Robinson's counterclaim pursuant to Rule 42 (b), ARCP. The trial court granted the motion on July 23, 1976. The trial court then proceeded to determine the merits of CSI's complaint. On September 16, 1976, the court issued an injunction enjoining Robinson, under the non-competition provision of the employment contract, from competing with CSI by engaging in Robinson's then current business activities. This court reversed the judgment granting the injunction inRobinson v. Computer Servicenters, Inc., 346 So.2d 940 (Ala., 1977).
On February 24, 1977, the trial court entered an order dismissing Robinson's amended counterclaim on the ground that:
 ". . . the claims asserted in said counterclaim are the same as those asserted by defendant, Kenneth G. Robinson, II, in a prior pending Federal Court Action against the same parties. Said Federal Court Action is pending in the United States District Court for the Northern District of Alabama, Southern Division and is styled Kenneth G. Robinson, II vs. Computer Servicenters, Inc., a corporation; A. Derrill Crowe; Lamar M. Campbell; Walter F. Scott, Jr.; Paul R. Butrus; Sterne, Agee and Leach, Inc., a corporation, and bears Case number 76-H-0012-S."[1]
Robinson further amended the counterclaim and filed a motion to allow that further amendment. On March 3, 1977, the trial court denied the motion and dismissed the amendment.
Robinson then filed a motion for reconsideration of the court's orders dated February 24, 1977, and March 3, 1977, or in the alternative for a designation of those orders as final judgments pursuant to Rule 54 (b), ARCP. The motion was denied by the court on April 8, 1977. Notice of appeal was filed by Robinson on May 3, 1977.
CSI objects to Robinson's appeal on two grounds: (1) the time for taking an appeal from the court's orders dated February 24 and March 3, 1977, has run; (2) such orders are not final judgments appealable to this court, and the trial court expressly refused to direct the entry of a final judgment pursuant to Rule 54 (b), ARCP. We find it unnecessary to discuss or decide the timeliness of Robinson's appeal.
Robinson argues the orders are final judgments and thus appealable because the counterclaim was severed pursuant to Rule 21[2] rather than ordered to be tried separately pursuant to Rule 42 (b)[3]. We disagree. *Page 302 
An appeal will not lie from an order or judgment which is not final. "Automatic" Sprinkler Corp. of America v. B.F. GoodrichCo., 351 So.2d 555 (Ala., 1977); Cates v. Bush, 293 Ala. 535,307 So.2d 6 (1975); Powell v. Republic National Life InsuranceCo., 293 Ala. 101, 300 So.2d 359 (1974). The only exception to this rule is permissive appeals from interlocutory orders in accordance with Rule 5 ARAP. In suits involving several parties or claims, an appeal will lie from a final judgment or order as to a single claim if that claim has been severed under Rule 21 or if the court makes an express determination that there is no just reason for delay and directs entry of judgment on that claim pursuant to Rule 54 (b). The distinction between ordering a counterclaim to be tried separately under Rule 42 (b) rather than severing the counterclaim under Rule 21, is an important one which is often overlooked.
 ". . . separate trials of different claims in a single action under Rule 42 (b) usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the claims or parties, in a single action, Rule 54 (b) must be followed. When, however, a claim is severed from the original action, as authorized by Rule 21, ARCP, a new action is created, just as if it has never been a part of the original action, and a completely independent judgment results. Because the new action is no longer connected to the original action, the judgment rendered is not a determination as to fewer than all the parties and claims, and Rule 54 (b) does not apply." Key v. Robert M. Duke Ins. Agency 340 So.2d 781 (Ala., 1976).
The power of the trial court to order separate trials of issues in the interest of convenience and to avoid prejudice under Rule 42 (b) necessarily encompasses broad discretion. However, the power of the court to order severance under Rule 21, or to direct entry of judgment under Rule 54 (b), ultimately may infringe upon the authority and power of this court to entertain an appeal. It is ordinarily not within the power of the trial court to order a Rule 21 severance of an essentially unitary problem. Habel v. Ebersole, 543 F.2d 14
(7th Cir., 1976); Spencer, White Prentis, Inc. of Conn. v.Pfizer, Inc., 498 F.2d 358 (2nd Cir., 1974). Likewise, the trial court cannot confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54 (b) if the judgment is not otherwise "final." See Liberty Mutual Ins.Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435
(1976); Arlinghaus v. Ritenour, 543 F.2d 461 (2nd Cir., 1976);Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360
(3rd Cir., 1975).
The general rule is that an order striking a counterclaim is not appealable because it is not a final judgment. Corona v.Southern Guaranty Ins. Co., Inc., 294 Ala. 184, 314 So.2d 61
(1975). The trial court expressly refused to enter judgment as provided in Rule 54 (b). However, if Robinson's counterclaim was severed under Rule 21, a Rule 54 (b) entry of judgment was unnecessary for appeal. It remains for us to decide if the court's order of July 23, 1976, severed the counterclaim or merely ordered it separated for trial.
CSI moved for an order of the court to separate for trial Robinson's counterclaim "pursuant to the provisions of Rule 42 of the Alabama Rules of Civil Procedure." The motion was entitled "Rule 42 Motion for Separate Trials." The motion requested the relief based on the complexity of Robinson's counterclaim and that a separate trial of CSI's claims and Robinson's counterclaim would be "[t]he most convenient and expeditious method for providing relief to Plaintiff [CSI] and preserving Defendant's [Robinson's] rights . . ." The court granted CSI's motion, noting that it had "severed defendant's counterclaim pursuant to the provision of Rule 42 of the Alabama Rules of Civil Procedure." (Emphasis added.)
Notwithstanding the fact that the court noted it had "severed" the counterclaim, we are of the opinion that the substance of the court's action was taken under authority of Rule 42 (b), rather than Rule 21. CSI's motion was designed to invoke the discretionary *Page 303 
power of the court to act under Rule 42, preserving Robinson's right to a jury trial and to avoid prejudice. The court granted the motion pursuant to Rule 42. The form and substance of the court's action are consistent. Key v. Robert M. Duke Ins.Agency, supra.
The motion to dismiss the appeal is granted.
APPEAL DISMISSED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
[1] The merits of this case, which we do not decide, is the propriety of the court's order to dismiss Robinson's counterclaim under authority of Tit. 7, § 146, Code of Alabama 1940, Recompiled 1958, which states: "No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."
[2] Rule 21 provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such items as are just. Any claim against a party may be severed and proceeded with separately."
[3] Rule 42 (b) provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by Article 1, Section 11 of the Alabama Constitution of 1901."