This is an appeal from an order dismissing plaintiff's cause of action against McDonald's Corporation, a specifically named defendant, and other entities plaintiff says were intended defendants. We affirm.
The plaintiff, Keenan Cofield, filed suit against McDonald's Corporation for negligence, wantonness, and fraud. Mr. Cofield is a Muslim and claims he was injured by McDonald's selling him food prepared with oils, greases, and lards containing animal by-products and pork. He alleges fraud against McDonald's because it failed to disclose this food preparation process.
Cofield filed his complaint pro se on September 18, 1986, against McDonald's Corporation. On October 19, 1986, he filed a motion for summary judgment and application for entry of default. On December 9, 1986, the case was transferred to the Bessemer Division of Jefferson County. On January 16, 1987, Cofield filed a motion to dismiss McDonald's Corporation, asserting that he had sued the wrong party, and he requested ten days to substitute the proper defendants. He asked for a hearing on January 30, 1987. Cofield failed to appear at the January 30 hearing. Upon receipt of Cofield's motion, the court dismissed McDonald's Corporation, with prejudice. On February 9, 1987, although McDonald's had already been dismissed, the trial court entered another order purporting to grant its motion to dismiss for failure of the complaint to state a claim upon which relief could be granted. After receipt of this last order, Cofield filed a motion for judgment on the pleadings, which was heard and dismissed by the trial court on February 13, 1987, and the file in the case was ordered closed. Cofield then filed a notice of appeal on February 18, 1987.
Cofield argues that the trial court's order of February 13, 1987, determining that no cause of action existed against those entities other than McDonald's was erroneous. He argues that although McDonald's Corporation was dismissed as a party, two other entities, McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama, remained, as defendants, as evidenced by the case action summary sheet. However, Rule 10(a), A.R.Civ.P., requires that a complaint include the names of all parties in *Page 954 
the title of the action. We have held that "it is the title of the Complaint and not the body that establishes the parties who are before the court as litigants." Corona v.Southern Guar. Ins. Co., 294 Ala. 184, 186,314 So.2d 61, 63 (1975). From the record in the present case, it is apparent that McDonald's Corporation is the only entity named as a defendant. In order to properly sue an intended defendant, the plaintiff is required to properly name the defendant. Methvin v. Methvin, 279 Ala. 671,189 So.2d 468 (1966). Although Cofield probably intended an action against McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama, he did not properly identify them in his complaint. A plaintiff acting pro se is required to comply with the Rules of Civil Procedure in the same manner as every other litigant. Hubbard v.Montgomery, 372 So.2d 315 (Ala. 1979). Therefore, because Cofield's complaint did not comply with the Rules as to the other intended defendants, the trial court correctly dismissed the complaint, and its judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES and STEAGALL, JJ., concur.