MONROE, Judge.
In October 1998, Radcliff/Economy Marine Services, Inc. (“Radcliff’), sued Phillips Truck Stop, Inc. (“Phillips”), alleging that Phillips was in default under the terms of an agreement between Radcliff and Phillips and seeking a judgment against Phillips. Phillips filed an answer and a counterclaim, seeking damages for breach of contract and misrepresentation.
Radcliff moved for a summary judgment on Phillips’s misrepresentation claim and submitted depositions and other evidence in support of its motion. Phillips filed an affidavit in opposition to the summary-judgment motion, .along with supporting documentation.
On February 1, 2000, the trial court issued an order, granting Radcliffs summary-judgment motion as to Phillips’s misrepresentation claim. On February 22, 2000, Phillips moved to alter, amend, or vacate the February 1, 2000, summary judgment. On March 28, 2000, the trial court denied Phillips’s postjudgment motion and granted Phillips’s motion for a certification of finality, pursuant to Rule *1120 54(b), Ala.R.Civ.P. In an amended order dated March 28, 2000, the trial court determined that “there [was] no just reason to delay” and “expressly directed] the entry of a FINAL JUDGMENT in favor of [Radcliff] and against [Phillips] as to [Phillips’s misrepresentation claim].”
There was no further action in the case until May 10, 2000, when the trial court issued another amended order. The only difference between the March 28, 2000, amended order and the May 10, 2000, amended order was the deletion of the first paragraph of the March 28, 2000, amended order.[1] On June 19, 2000, Phillips appealed to the Alabama Supreme Court; that court deflected the case to this Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Initially, we must determine whether this court has jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
“An appeal will not lie from an order or judgment which is not final.” Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978). Rule 54(b), Ala.R.Giv.P., states, in part: “[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon a express direction for the entry of judgment.” (Emphasis added.)
The trial court’s February 1, 2000, order, which entered a summary judgment on a portion of Phillips’s counterclaim, was not a Anal, appealable order. However, the March 28, 2000, amended order made the February 1, 2000, order final and therefore appealable, pursuant to Rule 54(b), Ala.R.Civ.P.
Rule 4(a)(1), Ala.R.App.P., states that “the notice of appeal .:. shall be filed ... within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.” Rule 2(a)(1), Ala.R.App.P., states that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” The time for filing a notice of appeal from the February 1, 2000, order began to run on March 28, 2000, the date the February 1, 2000, order was made final and appealable, and the time expired 42 days later — May 9, 2000. Because Phillips did not file its notice of appeal until June 19, 2000, this appeal is untimely and must be dismissed.
APPEAL DISMISSED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur specially.

. The first paragraph of the March 28, 2000, amended order stales:
"1. While the court is of the opinion that the granting of the motion for partial summary judgment filed by [Radclifi] as to the counterclaim for fraud filed by Phillips is a correct ruling under the applicable law, the court also recognizes that there is room for disagreement on this point, in light of the evidence attached to Phillips' response to the motion for partial summary judgment and to Phillips' motion to alter, amend, or vacate the order granting summary judgment on Phillips' counterclaim— count two.”
This paragraph is deleted from the May 10, 2000, amended order. Both orders used the wording of Rule 54(b), Ala.R.Civ.P., necessary to make an otherwise interlocutory order final.