HARWOOD, Justice.
Elizabeth Ann Maxwell, a defendant in an action pending in the Montgomery Circuit Court, petitions this Court for a writ of mandamus directing Judge Eugene Reese to quash service of process made upon her and to dismiss her as a defendant in the underlying action. The petition is denied.
On August 25, 2000, Dorothy Morris filed a complaint in the Montgomery Circuit Court. The complaint alleged fraud, negligence, negligent supervision and training, misrepresentation and suppression, breach of fiduciary duty, wantonness, *334 conversion, conspiracy, and breach of contract against several defendants in regard to her purchase of a condominium. The caption, or title, of Morris’s complaint did not include Maxwell’s name among the defendants, but she was identified in the body of the complaint as a person involved in the sale of the condominium and against whom Morris was asserting claims. On November 6, 2000, Maxwell was served with the complaint.
On December 6, 2000, Maxwell filed a motion to quash service, or, alternatively, to be dismissed as a defendant. Citing Rule 10(a), Ala. R. Civ. P., she argued that because Morris had failed to name her as a defendant in the caption of the complaint, she was not a defendant in the lawsuit. She argued that this Court has held that “ ‘it is the title of the [cjomplaint and not the body that establishes the parties who are before the court as litigants.’ ” Cofield v. McDonald’s Corp., 514 So.2d 953, 954 (Ala.l987)(quoting Corona v. Southern Guar. Ins. Co., 294 Ala. 184, 186, 314 So.2d 61, 63 (1975)).
On January 31, 2001, in response to Maxwell’s motion, Morris filed a motion to amend her complaint to add Maxwell as a defendant or, alternatively, to correct the style of her complaint to include Maxwell. Morris’s motion stated that Maxwell had filed a petition in bankruptcy on July 31, 2000, before Morris filed the complaint on August 25, 2000. As a result, she stated, all proceedings against Maxwell were stayed by virtue of 11 U.S.C. § 362. The motion stated that this was the reason Maxwell was described in the body, but was not named as a defendant in the caption of the original complaint. The motion further stated that on August 28, 2000, Morris petitioned the United States Bankruptcy Court for the Middle District of Alabama to obtain relief from the stay so that she could pursue her claims against Maxwell. On September 28, 2000, the bankruptcy court entered an order terminating the stay, which allowed Morris to proceed against Maxwell.
On February 7, 2001, the trial court conducted a hearing on the motions, and on February 8, granted Morris’s motion to amend her complaint and caption to add Maxwell as a defendant and denied Maxwell’s motion to quash service or dismiss her as a defendant. Morris served Maxwell with the complaint for a second time on February 23, 2001.[1] On March 12, 2001, Maxwell filed a motion to reconsider and to clarify based upon the trial court’s February 8 order. She specifically requested the trial court to clarify its ruling so as to note specifically whether it had granted Morris’s motion to amend to add Maxwell as a defendant or to correct the style of the complaint. Maxwell apparently requested the clarification because, depending on which aspect of the motion was granted, Maxwell believed she might have a possible statute-of-limitations defense available to her. The trial court had not ruled on that motion when Maxwell petitioned this Court for a writ of mandamus.
This Court has stated:
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 *335 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991). It is well settled that ‘a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment.’ Ex parte Central Bank of the South, 675 So.2d 403, 406 (Ala.1996).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Furthermore, “[mjandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.” State v. Cannon, 369 So.2d 32, 33 (Ala.1979).
Maxwell correctly states that this Court’s precedent interpreting Rule 10, Ala. R. Civ. P., requires that all parties be named in the caption of a complaint. See Corona v. Southern Guar. Ins. Co., supra, and Cofield v. McDonald’s Corp., supra. However, the trial court acted within its discretion in allowing Morris to amend her complaint to add Maxwell as a defendant. Rule 15(a), Ala. R. Civ. P., states, in pertinent part:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.”
Morris’s motion to be allowed to amend her complaint or to correct the caption was filed on January 31, 2001. From the materials before us, it appears that the trial court first set this case for trial for September 10, 2001. Therefore, Morris’s motion was filed well before 42 days before the trial date. Moreover, the trial court heard the motion to amend the complaint along with the motion to quash or dismiss filed by Maxwell, and the materials before us do not show that Maxwell filed a motion to strike the amendment, as provided in Rule 15(a). The trial court’s allowing Morris to amend her complaint so as to add Maxwell as a defendant was not an abuse of discretion. See Boros v. Baxley, 621 So.2d 240, 245 (Ala.1993)(“Although Rule 15(a) itself calls for liberal amendment, this Court has held consistently that ‘the grant or denial of leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion.’ ”).
Rule 21, Ala. R. Civ. P., also supports the conclusion that the trial court did not abuse its discretion in this case. Rule 21 states that “[pjarties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms that are just.” Based upon the materials presented to the trial court concerning Maxwell’s petition in bankruptcy and Morris’s efforts to have the stay lifted so that she could proceed against Maxwell, we cannot conclude that including her as a defendant under the circumstances of this case would be unjust.
The specific issue presented by Maxwell, however, is whether the trial court erred in failing to quash the November 6, 2000, service of the complaint upon her. In Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 881-82 (Ala.1983), this Court stated:
“In Ex parte Helveston, 267 Ala. 94, 100 So.2d 7 (1957), this court stated that the writ of mandamus is not the proper vehicle for the review of a denial of a motion to quash service, since the dispute over proper service can be settled on appeal. Again, in Orkin Exterminat *336 ing Co. of North Ala. v. Krawcheck, 271 Ala. 305, 312, 123 So.2d 149, 156 (1960), it was stated on rehearing that ‘[w]e do not review the action of the trial court in refusing to quash the summons in such a case by extraordinary writs. The error, if any, must be raised on appeal from the final judgment.’ However, we have allowed review by extraordinary writ, even in the face of a clear prohibition of its usage, where the issue or issues presented also raised matters of substantial importance.”
In this case, we conclude that Maxwell does not have “a clear legal right” to the order that she seeks; nor does this present a matter of “substantial importance.” Therefore, the petition for the writ of mandamus is denied.
PETITION DENIED.
MOORE, C.J, and SEE, BROWN, and STUART, JJ., concur.

. The case action summary indicates that on February 8, 2001, Morris agreed to voluntarily re-serve Maxwell.