Rel:  November 15, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0737

_____

## Ex parte Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Hon. Charles Price, Dr. William Saliski, Loree Skelton,  Dr. H. Mac Barnes, and Dion Robinson, in their official capacities as members of the Alabama Medical Cannabis Commission

## PETITION FOR WRIT OF MANDAMUS

### (In re:  Jemmstone Alabama, LLC

### v.

## Alabama Medical Cannabis Commission et al.)

### (Montgomery Circuit Court, CV-23-901800)

CL-2024-0737

PER CURIAM.

Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Hon. Charles Price, Dr. William Saliski, Loree Skelton, Dr. H. Mac Barnes,[1] and Dion Robinson ("the Commissioners"), in their official capacities as members of the Alabama Medical Cannabis Commission ("the AMCC"), have petitioned this court to issue a writ of mandamus ordering the Montgomery Circuit Court to dismiss case number CV-23-901800 ("the Jemmstone action"), a civil action commenced by Jemmstone Alabama, LLC ("Jemmstone"), for lack of subject-matter jurisdiction. We deny the petition.

Standard of Review

A petition for the writ of mandamus is the appropriate means to review the denial of a motion to dismiss for lack of subject-matter jurisdiction. See Ex parte Johnson, 715 So. 2d 783 (Ala. 1998). We apply the following standard of review to the Commissioners' petition:

---

[1]Dr. Jerzy Szaflarski resigned from his position as a member of the Alabama Medical Cannabis Commission effective April 15, 2024, and was succeeded by Dr. H. Mac Barnes. By operation of Rule 25(d)(1), Ala. R. Civ. P., Dr. Barnes was substituted for Dr. Szaflarski; thus, we treat Dr. Barnes, not Dr. Szaflarski, as a petitioner in this case.

2

> "'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"

Ex parte Perfection Siding, Inc., 882 So. 2d 307, 309-10 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995)).

## The Caption Issue

On December 27, 2023, Jemmstone filed a complaint in the circuit court pursuant to Ala. Code 1975, § 41-22-10, seeking declaratory and injunctive relief as remedies for the denial of its application for a medical-cannabis integrated-facility license.[2]  In the caption of the complaint, Jemmstone named only the AMCC as the defendant.  However, the body of the complaint included numerous references to the Commissioners as defendants.  The preamble of the complaint provided that Jemmstone was seeking relief "against [the AMCC] and its constituent members."  Footnote 1 to the preamble of the complaint provided:

> "The Members of the Commission, who to the extent necessary are sued in their official capacities only, are Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie

---

[2]For a more detailed procedural history, see Ex parte Alabama Medical Cannabis Commission, [Ms. CL-2024-0463, Oct. 4, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

3

Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Charles Price, Dr. William Saliski, Loree Skelton, and Dr. Jerzy Szaflarski."

Under a heading in the complaint entitled "Parties, Jurisdiction, and Venue," paragraph 6 of the complaint provided, in pertinent part:

"The Members of [the] AMCC, who to the extent necessary are sued in their official capacities only, are Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Charles Price, Dr. William Saliski, Loree Skelton, and Dr. Jerzy Szaflarski. The Commission Members are each members of the AMCC, appointed pursuant to the Darren Wesley 'Ato' Hall Compassion Act ..., Ala. Code [1975,] § 20-2A-1 et seq. Each Commission Member is a citizen of Alabama, and each is sued solely in his/her official capacity."[3]

In paragraphs 41, 47, and 54 of the complaint, Jemmstone specifically requested injunctive relief against "[the AMCC] and [the AMCC's] members."

On March 6, 2024, the AMCC moved the circuit court to dismiss the Jemmstone action. On March 7, 2024, Jemmstone amended the complaint to identify the defendants as "[the AMCC et al.]" in the caption of the complaint. The clerk of the circuit court subsequently added the

---

[3]Neither footnote 1 to the preamble of the complaint nor paragraph 6 of the complaint included Dion Robinson in its list of the members of the AMCC.

Commissioners as parties on the case-action-summary sheet in the State Judicial Information System. On March 11, 2024, the Commissioners joined the AMCC in moving to dismiss the amended complaint for lack of subject-matter jurisdiction and for failure to state a valid claim against them.

In the motion to dismiss, the Commissioners pointed out that they had not been named as defendants in the caption as required by Rule 10(a), Ala. R. Civ. App.[4] According to the Commissioners, their omission from the caption meant that only the AMCC had been properly named as a defendant in the Jemmstone action. A complaint in a civil action naming only the AMCC as a defendant violates Article 1, § 14, of the Alabama Constitution of 2022;[5] a complaint naming only the AMCC as a defendant does not invoke the subject-matter jurisdiction of the circuit court; and any circuit-court action commenced by the filing of such a complaint is void ab initio. See Redbud Remedies, LLC v. Alabama Med.

_____

[4]Rule 10(a), Ala. R. Civ. P., provides, in pertinent part, that "[i]n the complaint the title of the action shall include the names of all the parties ...."

[5]Article 1, § 14, of the Alabama Constitution of 2022, provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

5

Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). Thus, the Commissioners argued, the circuit court had not acquired jurisdiction over the Jemmstone action from the outset, and, therefore, they say, the circuit court could only dismiss the case without allowing any amendment to the complaint to add the Commissioners as defendants. See Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0073, June 21, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) (holding that a complaint naming only the AMCC could not be amended to add the Commissioners to cure the jurisdictional defect).

After conducting a hearing, the circuit court entered an order on May 16, 2024, denying the motion to dismiss.[6] Relying on the body of the complaint, the circuit court determined that the Commissioners had been properly included as defendants, despite their having been omitted from the caption of the complaint. The order denying the motion to dismiss provides, in pertinent part:

---

[6]On September 20, 2024, the Commissioners filed their petition for the writ of mandamus seeking review of the May 16, 2024, order. The presumptively reasonable time for filing a petition for the writ of mandamus in a civil action is 42 days, but that deadline does not apply when, like in this case, the petition involves an allegation that a trial court lacks subject-matter jurisdiction, which issue can be raised at any time. See Ex parte T.M., 358 So. 3d 1155, 1160 (Ala. Civ. App. 2022).

"No Alabama case holds that failure to list a defendant in a caption is jurisdictionally fatal to the entire case. The only two Alabama cases [the Commissioners rely] upon do not support that conclusion. In <u>Cofield v. McDonald's Corp.</u>, 514 So. 2d 953, 953 (Ala. 1987), the pro se litigant argued McDonald's franchisees were parties, 'as evidenced by the case action summary sheet,' but they were undisputedly not 'properly identified' in either the caption or the body of the [c]omplaint. <u>Corona v. S. Guar. Ins. Co.</u>, 314 So. 2d 61, 63 (Ala. 1975), involved an insurer subrogation claim, where the insured was not even the plaintiff; thus, the 'assertion of a counterclaim against [the insured] was impermissible and properly stricken.'

"....

"By contrast, there is federal authority -- specifically supported by the universally well regarded and consulted Wright and Miller treatise -- which holds that Rule 10[, Fed. R. Civ. P.,] is a rule governing form, not a rule of substance or of jurisdiction-conferring.

"'Although helpful to the district court, the contents of the caption usually are not considered a part of the pleader's statement of the claim or the response thereto for purposes of applying the pleading rules. **Moreover, the caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction**. A very common defect in the caption is a misnomer regarding a party or an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity.

7

"'If the body of the complaint correctly identifies the party being sued or if the proper person actually has been served with the summons and complaint, federal courts generally will allow an amendment under Rule 15[, Fed. R. Civ. P.,] to correct technical defects in the caption when that is thought necessary. This corrective action seems appropriate inasmuch as a defective caption or even its complete absence is merely formal error and never should be viewed as a fatal defect, particularly when it can be remedied early in the action. Moreover, allowing the defect to be corrected is consistent with the spirit of the federal rules in general and with Rule 8[(e), Fed. R. Civ. P.,] in particular.'

"5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1321 at 388-392 (3d ed. 1998) (emphasis added and footnotes omitted). <u>Accord</u> <u>Marchese v. Milestone Systems, Inc.</u>, [Case No. 12-12276, June 21, 2013] (E.D. Mich. 2013) [(not reported in Federal Supplement)]. There is an extensive discussion of the authorities on this question in <u>Burley v. J. Quiroga</u>, [Case No. 16-CV-10712, June 6, 2019] (E.D. Mich 2019) [(not reported in Federal Supplement)] (emphasis added below), in which the [c]ourt concludes as follows:

"'I conclude that the better rule allows parties to be identified in the body of the complaint. The contrary view -- that a person must appear in the caption to be a party -- lacks clear grounding in the text of Rule 10(a), [Fed. R. Civ. P.,] or any other rule for that matter. Rule 10(a) does not purport to define the parties to a case, and it nowhere claims that only those individuals in the caption can be considered parties. Nor does it establish that dismissal is appropriate for violations. Instead, the Rule focuses on form, not

8

substance -- it says so in its title, "Form of Pleadings." Scalia & Garner, <u>Reading Law: Interpretation of Legal Texts</u> 221 (2012) ("The title and headings are permissible indicators of meaning."). **Because the [r]ule is silent about who the parties are, construing it to erect a formalistic requirement is not only textually unwarranted but also contravenes Rule 1, [Fed. R. Civ. P.,] which states that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."'**

"Based on the foregoing, the [c]ourt concludes that it had, and today still has, jurisdiction over [the <u>Jemmstone</u> action]."

We agree with the circuit court's analysis.

Rule 10(a), Ala. R. Civ. P., does not designate the criteria for determining who is a party to a case; it sets forth only that the caption of a complaint shall be cast in a form to include the parties' names. Indeed, the rule has been promulgated under the title "Form of Pleadings." As such, Rule 10(a) is not a substantive rule that controls the determination of whether a person is a party to a case.

In <u>Corona v. Southern Guaranty Insurance Co.</u>, 294 Ala. 184, 186, 314 So. 2d 61, 63 (1975), the supreme court noted a discrepancy between the caption of a complaint, which identified the plaintiff as "Southern

9

Guaranty Insurance Company, Inc.[,] a Corporation, as subrogee of Oliver Milton Ragsdale," and the body of the complaint, which suggested that Ragsdale might also have been a plaintiff. The supreme court held that Southern Guaranty Insurance Company had complied with Rule 17(a), Ala. R. Civ. P., by suing as a subrogee of Ragsdale, its insured, because Ragsdale had no pecuniary interest in the case. In addressing the statements in the body of the complaint, the supreme court stated, in pertinent part: "[A]s [Rule] 10(a)[, Ala. R. Civ. P.,] indicates, it is the title of the complaint and not the body that establishes those parties who are before the court as litigants." 294 Ala. at 186, 314 So. 2d at 63. In isolation, the quoted excerpt from Corona indicates that the caption does control whether a person is a party to a case, but, when viewed in context, it is apparent that the supreme court intended to express only that the caption designating Southern Guaranty as a subrogee clarified that Ragsdale was not an intended plaintiff, despite the ambiguous language in the body of the complaint suggesting otherwise.

In Cofield v. McDonald's Corp., 514 So. 2d 953, 953 (Ala. 1987), a pro se plaintiff filed a complaint naming only "McDonald's Corporation" as the defendant. Realizing that he had named the wrong entity, the

10

plaintiff voluntarily dismissed the corporation and requested leave to substitute the proper defendants. However, the plaintiff never amended the complaint to name the two other entities that he claimed were the proper defendants, although the names of those two entities appeared on the case-action-summary sheet. In affirming a judgment dismissing the case, the supreme court stated:

> "Rule 10(a), A[la]. R. Civ. P., requires that a complaint include the names of all parties in the title of the action. We have held that 'it is the title of the Complaint and not the body that establishes the parties who are before the court as litigants.' Corona v. Southern Guar. Ins. Co., 294 Ala. 184, 186, 314 So. 2d 61, 63 (1975). From the record in the present case, it is apparent that McDonald's Corporation is the only entity named as a defendant. In order to properly sue an intended defendant, the plaintiff is required to properly name the defendant. Methvin v. Methvin, 279 Ala. 671, 189 So. 2d 468 (1966). Although Cofield probably intended an action against McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama, he did not properly identify them in his complaint. A plaintiff acting pro se is required to comply with the Rules of Civil Procedure in the same manner as every other litigant. Hubbard v. Montgomery, 372 So. 2d 315 (Ala. 1979). Therefore, because Cofield's complaint did not comply with the Rules [of Civil Procedure] as to the other intended defendants, the trial court correctly dismissed the complaint, and its judgment is due to be affirmed."

514 So. 2d at 953-54. Cofield holds only that, when a plaintiff intends to substitute a proper defendant, the plaintiff must properly name that party in the complaint.

11

In <u>Redbud</u>, supra, this court held that a declaratory-judgment action commenced by Redbud Remedies, LLC ("Redbud"), that named only the AMCC as a defendant did not invoke the subject-matter jurisdiction of the circuit court. Redbud argued that the director of the AMCC and its members were also intended defendants. This court noted that Rule 10(a) required all the defendants to be named in the caption of the complaint and that Redbud had named only the AMCC in the caption. This court also reviewed the body of the complaint, ultimately determining that the AMCC, which was immune from suit pursuant to the doctrine of sovereign immunity, was the only defendant referenced therein. <u>Redbud</u> holds that a person who is omitted from both the caption and the body of a complaint does not become a defendant in the case.

None of the cases upon which the Commissioners rely addresses the situation in this case. Jemmstone did not name the Commissioners in the caption of the complaint, but it very clearly identified them as defendants throughout the body of the complaint. In <u>Redbud</u>, this court impliedly endorsed the position that the identity of the parties can be gleaned from the body of the complaint. Federal cases applying Rule

10(a), Fed. R. Civ. P., also use this approach when determining the parties to a federal civil action.

Rule 10(a), Fed. R. Civ. P., provides, in pertinent part, that "[t]he title of the complaint must name all the parties ...." Thus, like its Alabama counterpart, Rule 10(a) requires a plaintiff to name all the defendants in the caption of a complaint. Although a small minority of federal cases may hold otherwise, see, e.g., Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998), the weight of federal authority agrees that "the caption is not determinative as to the identity of the parties to the action, the district court's personal jurisdiction over the defendant, or its subject matter jurisdiction over the claims ...." 5A Charles Alan Wright, Arthur R. Miller, and A. Benjamin Spencer, Federal Practice & Procedure § 1321 (4th ed. 2018) (footnotes omitted); see also Equal Employ. Opportunity Comm'n v. International Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) ("'[T]he caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim.'") (citation omitted). If the caption of a complaint fails to name all the defendants, but the body of the complaint identifies the additional parties being sued, most federal

13

courts will treat those parties as defendants. See, e.g., Yeseta v. Baima, 837 F.2d 380, 382-83 (9th Cir. 1988); Abecassis v. Wyatt, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) ("Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties."); 35A C.J.S. Federal Civil Procedure § 302 (2014) ("[A] party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain that the party is intended as a defendant ...."). The federal courts generally overlook noncompliance with Rule 10(a) as a technical defect that can be remedied by amendment of the complaint if deemed necessary. See Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.), 290 B.R. 55, 62-63 (S.D.N.Y. Bankr. 2003) ("The caption is not part of the statement of the claim, ... and a defect in the caption should never be viewed as a fatal error. ... The failure to comply with the 'caption' requirements of [Rule 10(a), Fed. R. Civ. P.,] will generally be overlooked in the absence of prejudice, and at most, will result in an order directing the party to amend the caption to add the missing name.").

"Federal cases are authoritative in construing the Alabama Rules of Civil Procedure because the Alabama rules were patterned after the

14

Federal Rules of Civil Procedure." Borders v. City of Huntsville, 875 So. 2d 1168, 1176 n.2 (Ala. 2003). We have also located several state-court decisions holding that, despite any language in a procedural rule requiring the names of the parties to be included in the caption of a complaint, the identity of the defendants being sued may be determined from the body of the complaint. See Southcom Grp., Inc. v. Plath, 257 Ga. App. 46, 48, 570 S.E.2d 341, 343 (2002) (recognizing that the entire body of complaint, not just the caption, should be considered when determining the parties); Gibbs v. Lemley, 33 Ohio App. 2d 220, 293 N.E.2d 324 (1972) (holding that the allegations in the body of the complaint, not a person's inclusion in the caption, determines party status); and Piehl v. City of Philadelphia, 930 A.2d 607, 617 (Pa. Commw. Ct. 2007), aff'd, 604 Pa. 658, 987 A.2d 146 (2009) ("[W]e have been unable to find any authority to support the proposition that if a complaint correctly identifies a defendant in the body of the complaint but fails to do so in the caption, ... the caption's designation is controlling.").

Rule 1(c), Ala. R. Civ. P., provides: "These rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action." We believe that Rule 10(a) should not be

15

construed narrowly to provide that the caption of the complaint controls the determination of the identity of the parties to that complaint. To ensure the just determination of a civil action, an Alabama court should be able to consider the entire complaint when ascertaining the identity of the parties. When the plaintiff identifies the parties being sued in the body of the complaint and states a claim or claims against those parties, the plaintiff has, in substance, identified those parties as defendants even if they are not mentioned in the caption of the complaint. The technical failure to comply with Rule 10(a) by omitting the names of all the defendants in the caption of the complaint should not defeat the clearly expressed intent of the plaintiff to include those parties in the lawsuit in those circumstances. As our supreme court has tacitly acknowledged, if a plaintiff names a defendant in the body of the complaint, but not the caption, that formalistic error does not require dismissal of the case; it may be corrected by amending the caption of the complaint, if necessary. See Ex parte Maxwell, 812 So. 2d 333 (Ala. 2001) (holding that a trial court did not abuse its discretion by allowing the plaintiff to amend the caption of the complaint to name a party referenced in the body of the original complaint as a defendant).

16

Thus, we hold that the circuit court did not err in concluding that Jemmstone had properly named the Commissioners as codefendants in the complaint even though they were not listed in the caption of the complaint. Therefore, the complaint did not name only the AMCC as a defendant, which would have deprived the circuit court of subject-matter jurisdiction over the Jemmstone action. See Redbud, supra. The circuit court properly denied the Commissioners' motion to dismiss.

### The Service Issue

The Commissioners further argue that the circuit court lacked subject-matter jurisdiction because, they say, they were not properly served with the complaint. We reject that contention. Generally, improper service raises an issue of personal jurisdiction, not subject-matter jurisdiction. See Horizons 2000, Inc. v. Smith, 620 So. 2d 606, 607 (Ala. 1993). Subject-matter jurisdiction refers to the power of a court to decide a type of case, which is determined based on the nature of the cause of action and the relief sought in the complaint. See Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006). The circuit court clearly has subject-matter jurisdiction over a declaratory-judgment action challenging an administrative rule pursuant to § 41-22-10 ("The validity

17

or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County ....").

The Commissioners argue that, if they were not properly served, the only true defendant would be the AMCC, meaning that the original complaint did not invoke the subject-matter jurisdiction of the circuit court. We do not consider that argument. The Commissioners have failed to show that they were not properly served in accordance with Ala. Code 1975, § 20-2A-20(l), which governed service in the underlying case, but, even if they had been improperly served, they were not dismissed as parties to the case for that reason at any point. See Rule 4(b), Ala. R. Civ. P. On March 11, 2024, when they filed their motion to dismiss, which was based on Rules 12(b)(1) and 12(b)(6), Ala. R. Civ. P., the Commissioners did not claim that they had been improperly served, which they could have asserted under Rule 12(b)(5); thus, the Commissioners waived the defense of insufficiency of service of process at that time. See Rule 12(h)(1). The Commissioners became parties to the Jemmstone action even if they were never properly served.

<u>Conclusion</u>

For the foregoing reasons, we hereby deny the Commissioners' petition for the writ of mandamus.

PETITION DENIED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

Lewis, J., dissents, without opinion.