**370**

240 So.2d 122

Albert Peyton BUSH, Jr.

v.

Mary G. GODARD.

1 Div. 475.

Supreme Court of Alabama.

Oct. 15, 1970.

Holberg, Tully & Hodnette, Mobile, Owens & Patton, Bay Minette, for appellant.

Cunningham, Bounds & Byrd, Mobile, for appellee, Lou Holland.

Chason, Stone & Chason, Bay Minette, for appellee, Mary G. Godard.

COLEMAN, Justice.

In an action for damages allegedly sustained by plaintiff as the result of defendant's operation of an automobile on a public street, defendant sought to implead a third party defendant. The trial court granted plaintiff's motion to strike the third party defendant and discharged the third party from the cause. Defendant assigns the action of the court as error.

Defendant filed a plea of "recoupment and counterclaim" against plaintiff and one Lou Holland, who is the third party. The court ordered service of process on Holland.

Defendant's third party complaint recites in part as follows:

"The Defendant claims of the Plaintiff and Lou Holland, the sum of FIFTY THOUSAND DOLLARS . . . . for that . . . . on, to-wit . . . . on a public street . . . . the Plaintiff who was then and there an agent, servant or employee of Lou Holland, and acting within the line and scope of her employment as such, did so negligently operate an automobile which she was then and there driving, so as to cause, permit or allow the said automobile to collide with . . . . the motor vehicle which the Defendant was then and there driving, and as a proximate result and consequence of the negligence of the said Plaintiff, as aforesaid, the Defendant suffered injuries as follows: . . . . hence this Third Party Plaintiff claim."

Defendant argues that he is entitled to join Holland as a third party so as to enable defendant to prosecute his counterclaim against Holland who was allegedly the principal of plaintiff and responsible, under the doctrine of respondeat superior, for plaintiff's negligence at the time the vehicles collided and defendant was injured. Defendant argues in brief as follows:

"On September 2, 1965, Act 854 (1965) Regular Session became law, and can now be found under Alabama Code, Title 7 Article 11A, Section 259 (1)–(3). The Legislative Reference Service reports that the legislator who introduced the Act had given instructions to the Service that the proposed Act should be prepared so as to follow as closely as possible Rules 13 and 14 of The Federal Rules

of Civil Procedure. It was the idea of the legislator that since a body of law has developed as to the application of these particular rules relating to counter-claims, cross-claims and third party practice, it would be simpler to follow these rules in our State Court.

"It is significant that the Act, as adopted and as prepared by the Legislative Reference Service, provides only for actions which are commonly referred to as 'cross-claims' which are nominally litigated between parties on the same side of the main litigation. There is no mention of 'counter-claims' in Act 854, yet *Rule 13 of the Federal Rules of Civil Procedure provides for the filing of counter-claims, some permissive and some compulsive, and for the joinder of parties necessary or proper to the complete determination of matter in one suit.*

"It would appear, then, that the failure of the Legislature to incorporate the counterclaim provisions of Rule 13 into Act 854 grew out of the fact that such procedures were already available to the defendant under existing Statutory provisions. Such intentions are manifested by the declaration of the Legislature in Section 4 of the Act which states:

" 'Section 4. The provisions of this Act are cumulative and shall be construed insofar as practicable in *pari materia* with other laws and the rules of Court governing civil actions'.

"It is respectfully submitted, therefore, that the Code Sections 239, 259(1–3) and 350, et seq., should be construed in *pari materia* with one another, all for the purpose of disposing of one transaction in one case. . . . ."

We are not able to agree with defendant's argument. If the right of a defendant to bring in additional parties existed at law prior to Act No. 854, it does not seem likely that the legislature would have passed the act. In a publication entitled: Continuing Legal Education, Federal Practice And Procedure, Copyright 1965 by the University of Alabama, at page 69; under the heading: "2. Alabama Practice at Law," the following statement appears:

"There is no method for bringing in as a formal party a person who is or may be liable over to the defendant on the plaintiff's claim. . . . ."

So far as we are advised the quoted sentence was a correct statement as to law actions in Alabama prior to passage of Act No. 854. We do not understand any of the cases cited by defendant as holding to the contrary.

In an article entitled "Third Party Practice in Alabama," the author makes the following statements:

". . . . It should be noted at the start that while Act 854 and Rules 13 and 14 of the Federal Rules of Civil Procedure are very similar in language, the Alabama Act does not follow the exact language of the Federal Rules which are the supposed models for the Alabama Act. . . . . Due to the limitations of time I will not attempt to review all the differences in language . . . . although for purposes of construing the Alabama Act these differences in language may be a weighty factor to be considered.

". . . . Both Federal Rule 14 and the Alabama statute provide that the defendant as third-party plaintiff may join a party not a party to the action *'who is, or may be liable to such third-party plaintiff for all or part of the plaintiff's claim against him.'* Thus, impleader is proper to join a third-party only when such third party would necessarily be liable over to the defendant for all or part of the plaintiff's recovery against the defendant. . . . The point to remember is that the third-party defendant must be liable under some theory of law or contract to the defendant for all or part of the plaintiff's recov-

ery against the defendant." 28 Alabama Lawyer, January 1967, page 65.

If defendant has the right to join Holland as a third party, defendant must find that right in Act No. 854. [Title 7, § 259 (1)-(3), Code Recompiled 1958, Pocket Parts.] Section 2 of the act commences as follows:

"Section 2. At any time after commencement of a civil action, a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a party not a party to the action who is, or may be, liable to such third-party plaintiff for all, or part, of the plaintiff's claim against him. . . . ." Act No. 854, approved September 2, 1965; 1965 Acts, Vol. II, page 1591.

Referring to Section 2 of the act, this court has said:

"[4, 5] Subparagraph (2) of Section 259, Title 7, relative to third party complaints states any time after the commencement of a civil action a defendant as third party plaintiff may cause a summons and complaint to be served. *This brings in the additional party* not a party to the action *who is or may be liable to third party plaintiff for all or part of plaintiff's claim* against him. . . . ." (Emphasis Supplied) Ex parte Huguley Water System, 282 Ala. 633, 637, 213 So. 2d 799.

The following statement is found in Corpus Juris Secundum:

"Under statutory provisions relating to the bringing in of a third person against whom defendant may recover, it is generally required that the person sought to be impleaded be liable over to the original defendant for all or part of plaintiff's claim in the main action, whether such liability over be by reason of contract or status. The practice, under these provisions, of bringing in additional defendants is based on the possibility that the proposed defendants can be or will

be required to respond to the present defendant for a part or the whole of plaintiff's claim; and a third person may not be brought in who will not be required to respond to defendant for the amount of the claim in whole or in part, which plaintiff is seeking to enforce, should plaintiff prevail. . . . ." 67 C.J.S. Parties § 74, page 1040.

Defendant's allegations in his third party complaint are to effect that the plaintiff and the third party are liable to defendant for defendant's claim against plaintiff and the third party. The allegations do not show that the third party, Holland, is or may be liable to defendant for plaintiff's claim against defendant, and, because the allegations do not show that the third party is or may be so liable over to defendant for plaintiff's claim against defendant, the defendant is not entitled to implead Holland as a third party defendant in this cause.

The court did not err in striking Holland as a third party defendant and discharging him from the cause.

Affirmed.

SIMPSON, BLOODWORTH, MADDOX and McCALL, JJ., concur.