JONES, Justice.
This appeal arises from a decree holding Appellant, W. W. Mock, liable on an overdue note payable to Appellee, First City National Bank of Oxford, Alabama. The trial Court overruled Mock’s motions for severance and change of venue, and upon trial, without a jury, awarded judgment against Mock, including interest, for the sum of $19,504.03. We affirm.
Environmental Standards, Inc., a named Defendant, was a corporation which produced and sold chemical cleansers to commercial establishments. Prior to June, 1975, Environmental became indebted to Bank for the sum of $66,000. At approximately this time, because the debt was past due, Bank made a demand for immediate payment. To forestall Bank’s foreclosure proceedings, E. L. Prokos, President of Environmental, made overtures to several prospective investors — including Mock. Initially, Mock invested $11,000 in exchange for 40% of the stock in Environmental. Thereafter, in August, 1975, Bank, seeking additional security for the corporate indebtedness, sent a note for an additional $15,000 to Mock for his signature. In ruling against Mock, the trial Court necessarily found that this note was to be applied against Environmental’s debt.
Pursuant to an agreement between these parties, Bank wrote a memorandum check indicating a credit to Environmental’s debt, placed it in escrow for later payment, and forebear foreclosure proceedings. Mock never complained of this transfer until this action was filed. It is from this posture, and under these findings, then, that the trial Court rendered its judgment.
Appellant Mock asserts the issues presented thusly:
“1. Whether a party, residing in another county, executing a note at his place of residence to an out-of-county bank, is entitled to a severance and change of venue where he was in no way involved with the other defendants named in the complaint.” (Citing, inter alia, Rules 19 and 20, ARCP.)
“2. Whether the failure of a lending institution to pay over to the maker or any other person the amount recited in a note, is a failure or want of consideration so as to defeat a subsequent suit on the note.” (Citing, inter alia, U.C.C., § 3-408.)
Appellee Bank’s reply to the “severance and change of venue” issue amply answers this aspect of the appeal:
“The Complaint clearly reflects that if the amount due from Appellant Mock to the Bank is due and payable and is paid, its proceeds are due to be applied to one or more of the other notes sued on. It is clear from the evidence and the final judgment of the trial Court that to the extent the Mock note was due and payable and is paid, the other parties are due a credit toward their own indebtedness. If Mock’s note is not due, the other parties are liable for their full indebtedness.
“The note given by Mock as security for the original notes clearly falls within ARCP Rule 20 which refers to a series of transactions or occurrences. Clearly security for prior note(s) would be one in a series of transactions or occurrences.” (Emphasis theirs.)
Rule 20(a) states, in part:
“All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of trans *1114 actions or occurrences and if any question of law or fact common to all these persons will arise in the action.”
Giving a note as security for a previous debt, as here, is clearly one of a series of transactions or occurrences. In Hooper v. Huey, 293 Ala. 63, 300 So.2d 100 (1974), this Court said:
“Rules 19 and 20, ARCP, which deal with the joinder and alignment of parties, are intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit all parties directly interested in the controversy despite technical objects previously existing in many situations.” 293 Ala. at 69, 300 So.2d at 105.
The trial Court did not err in denying the motions for severance and change of venue.
Appellee Bank’s initial response to Appellant’s “lack of consideration” issue is to more aptly restate the question presented:
“Whether a note given by a stockholder investor in a Corporation is supported by consideration when given to prevent foreclosure or suit on Corporation’s debt.”
The thrust of Mock’s contention is that, “because he never did receive the $15,000.00 consideration, he did not become liable to the Bank for that sum.” This overlooks the nature of the note here sued upon by Bank. The trial Court, adverse to Appellant’s contention, found that the note was accepted by Bank as security for an existing note, and its forebearance of its right of foreclosure or to sue on the original note was conditioned on Mock’s execution of the note in question.
Thus, Appellant’s reliance upon the first portion of U.C.C., § 3-408 (“Failure of Consideration”) is not well grounded, because the facts bring the case squarely within the “except” clause:
“ . . . except that no consideration is necessary for an instrument or obligation given in payment of or as security for an antecedent obligation of any kind.”
See also Comment 2 to § 3 — 408.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.