THOMPSON, Presiding Judge.
 

 Debbie Whorton appeals from the Baldwin Circuit Court’s judgment in favor of D.L. Bruce, individually and d/b/a Bruce Carpets (“Bruce”). For the reasons stated herein, we affirm the judgment in part and reverse it in part.
 

 In late 2004, Whorton hired Bruce to install carpet and tile in her condominium (“the job”). Bruce estimated the cost of the job at $9,997.87, and, on November 24, 2004, he faxed a handwritten estimate reflecting this amount to Whorton. Whorton and Bruce then spoke by telephone. In that telephone conversation, Whorton made a $5,000 deposit by giving her credit-card information to Bruce and authorizing him to begin work on the job.
 

 After Bruce completed the job, he sent an invoice to Whorton. In addition to noting the price of the job to which the parties had agreed and the balance due, the invoice contained the following provisions:
 

 “2. A late charge will be charged on each invoice not paid when due. The late charge is 1 ½% of the outstanding balance due each month.
 

 “3. Failure to pay the invoice in full when due may result in the invoice being referred to a collection co[mpany] or an attorney. Once the invoice is referred to a collection co[mpany] or an attorney YOU must pay all collection fees, court costs, and a reasonable attorney’s fee.”
 

 (Capitalization in original.) Whorton disputed the amount she owed Bruce because, according to her, he or his workers damaged some of her furniture when doing the job. Bruce thereafter sent Whorton additional invoices that included a late fee. Whorton did not pay the amount listed in the invoice.
 

 On May 4, 2005, Bruce sued Whorton in the Baldwin District Court for the balance owed on the job, plus a late fee of $224.88, and an attorney’s fee. Whorton filed an answer denying the allegations of the complaint and asserting, among others, the affirmative defense that she was owed a set-off against Bruce’s claims because of his “negligent, intentional, wanton, and willful acts and breaches of the agreement” between Bruce and her. She also filed counterclaims against Bruce, alleging that Bruce and/or his employees damaged her furniture when working on the job, that the tile was installed incorrectly, and that the tile installed was the wrong size.
 

 Whorton filed a motion to transfer the case to the Baldwin Circuit Court on the basis that her counterclaims exceeded the district court’s jurisdictional limit of $10,000. The district court granted Whor-ton’s motion and transferred the case to the circuit court.
 

 On October 24, 2007, the circuit court held a bench trial of the case. On the following day, the circuit court entered a judgment in favor of Bruce on his claims and on the counterclaims. The circuit court’s order read:
 

 “Trial held 10-24-07. Judgment entered in favor of [Bruce] and against the defendant Debbie Whorton in the amount of $4,997.87 plus late fees of $2,473.68 plus reasonable attorney fees of $1,867.89 plus cost of court. Judgment entered in favor of the counterclaim defendant D.L. Bruce d/b/a Bruce Carpets.”
 

 Whorton filed a motion to alter, amend, or vacate the judgment on November 26, 2007,
 
 [1]
 
 which the circuit court denied on January 8, 2008. Whorton appeals.
 

 
 *664
 
 As an initial matter, we note that, to be timely, Whorton was required to have filed her notice of appeal on or before February 19, 2008, the 42nd day following the circuit court’s denial of her postjudgment motion.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. The record indicates two different dates on which Whorton filed a notice of appeal. The record contains a copy of a document styled “notice of appeal” filed by Whorton in the Baldwin District Court on February 19, 2008, in which she gave notice that she was appealing the circuit court’s judgment to this court. Also in the record is a copy of a notice of appeal filed by Whorton on February 26, 2008, in the Baldwin Circuit Court that resembles Form 1 in appendix I to the Alabama Rules of Appellate Procedure; in that notice of appeal, Whorton indicates that she is appealing the judgment of the circuit court to this court.
 

 Rule 3(c), Ala. R.App. P., provides that a party’s notice of appeal “shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.” Whorton’s February 19, 2008, notice of appeal includes all of those required elements, even though it is not in the form suggested by appendix I to the Alabama Rules of Appellate Procedure. That Whorton filed her February 19, 2008, notice of appeal in the district court rather than the circuit court does not affect its validity because the clerk of the circuit court with whom the notice of appeal should have been filed is also the clerk of the district court.
 
 See Roberts v. Carraway Methodist Med. Ctr.,
 
 591 So.2d 870, 871 (Ala.Civ.App.1991). Thus, we conclude that Whorton timely filed her notice of appeal.
 

 We turn now to the merits of Whorton’s appeal. As indicated above, the circuit court conducted the trial without a jury and heard ore tenus evidence. As to our standard of review in such a case, this court has written:
 

 “When ore tenus evidence is presented, a presumption of correctness exists as to the trial court’s findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.
 
 J & M Bail Bonding Co. v. Hayes,
 
 748 So.2d 198 (Ala.1999);
 
 Gaston v. Ames,
 
 514 So.2d 877 (Ala.1987). When the trial court in a nonjury case enters a judgment without making specific findings of fact, the appellate court ‘will assume that the trial judge made those findings necessary to support the judgment.’
 
 Transamerica Commercial Fin. Corp. v. AmSouth Bank,
 
 608 So.2d 375, 378 (Ala.1992). Moreover, ‘[u]nder the
 
 ore tenus
 
 rule, the trial court’s judgment and all implicit findings necessary to support it carry a presumption of correctness.’
 
 Transamerica,
 
 608 So.2d at 378. However, when the trial court improperly applies the law to facts, no presumption of correctness exists as to the trial court’s judgment.
 
 Allstate Ins. Co. v. Skelton,
 
 675 So.2d 377 (Ala.1996);
 
 Marvin’s, Inc. v. Robertson,
 
 608 So.2d 391 (Ala.1992);
 
 Gaston,
 
 514 So.2d at 878;
 
 Smith v. Style Advertising, Inc.,
 
 470 So.2d 1194 (Ala.1985);
 
 League v. McDonald,
 
 355 So.2d 695 (Ala.1978). ‘Questions of law are not subject to the ore tenus standard of review.’
 
 Reed v. Board of Trustees for Alabama State Univ.,
 
 778 So.2d 791, 793 n. 2 (Ala.2000).
 
 *665
 
 A trial court’s conclusions on legal issues cany no presumption of correctness on appeal.
 
 Ex parte Cash,
 
 624 So.2d 576, 577 (Ala.1993). This court reviews the application of law to facts de novo.
 
 Allstate,
 
 675 So.2d at 379 (‘[WJhere the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court’s judgment carries no presumption of correctness.’).”
 

 City of Prattville v. Post,
 
 831 So.2d 622, 627-28 (Ala.Civ.App.2002).
 

 Whorton contends that there was no evidence presented at trial proving the existence of a contract between Bruce and her that required her to pay an attorney’s fee or late fees. We agree. “Under the American rule, the parties to a lawsuit bear the responsibility of paying their own attorney fees. However, the law recognizes certain exceptions to this rule, and attorney fees are recoverable when authorized by statute, when provided by contract, or when justified by special equity.”
 
 Ex parte Horn,
 
 718 So.2d 694, 702 (Ala.1998). In the present case, Bruce has not contended that he was entitled to an attorney’s fee on the basis of a statute or on the basis that such a fee was “justified by special equity.” Thus, his entitlement to an attorney’s fee can be based only on the existence of a contract by which Whorton agreed to pay Bruce’s attorney’s fee.
 

 Bruce testified at trial that he did not prepare the invoice that included the language providing for an attorney’s fee and late charges until after Whorton hired him to perform the job, gave him her credit-card information over the telephone, and authorized him to charge her credit card for the initial $5,000 payment. He testified that he did not provide that invoice to her until he mailed it to her after he had completed the job. Whorton likewise testified that she did not receive the invoice containing the attorney-fee language until after Bruce had completed the work. She testified that she never agreed to pay late charges or attorney’s fees.
 

 Our review of the trial transcript and of the documentary evidence submitted at trial discloses no basis on which to conclude that Whorton agreed to pay Bruce’s attorney’s fee should Bruce bring an action to collect the balance owed him for the job. “It has long been the law in Alabama (and indeed it is elementary) that the mutual assent of the parties to the same thing, and in the same sense, is an essential element to every contract.”
 
 Board of Comm’rs of Alabama State Bar v. Jones,
 
 291 Ala. 371, 378, 281 So.2d 267, 273 (1973). In the present case, although the evidence clearly demonstrates that Whorton and Bruce mutually assented to the performance of the work and regarding the payment for that work, there is no evidence indicating that Whorton assented to the attorney-fee and late-charge provisions contained in the invoice and not communicated to her until after the work had been completed and for which she had already partially paid. Nor did Bruce’s transmission of the invoice to Whorton after the completion of the work serve to alter the terms to which the parties had already agreed, which, again, did not include the attorney-fee and late-charge provisions, because there is no evidence indicating that Whorton assented to the addition of those terms to the parties’ agreement. As this court has stated, “it is an elementary principle of contract law that in order for a contract to be validly modified, there must be mutual assent to the new terms by both parties. ... It is incumbent on the party claiming the modification to show that the new agreement was mutually agreed to.”
 
 Wiregrass Constr. Co. v. Tallapoosa River Elec.
 
 
 *666
 

 Coop., Inc.,
 
 365 So.2d 95, 98 (Ala.Civ.App.1978). As a result, the circuit court erred when it awarded Bruce an attorney’s fee, and the judgment is reversed to that extent.
 

 Similarly, we find no basis in the trial transcript and the documentary evidence on which the circuit court could have concluded that Whorton’s agreement with Bruce with regard to the job included her consent to pay a monthly “late charge” of 1½%. Therefore, the circuit court erred when it awarded late fees in the amount of $2,473.68.
 

 Whorton also contends that she was entitled to a setoff of the amount awarded to Bruce because Bruce admitted at trial that he did not perform the job in a workmanlike manner. She points to several instances during trial when, she argues, Bruce admitted that there were problems with the work he had done with regard to the laying of the tile in Whor-ton’s condominium. However, our review of the evidence discloses that Bruce testified in no uncertain terms that the tile was “most definitely” laid in a workmanlike manner and, further, that Bruce did not admit at any point that the job was performed in an unworkmanlike manner. We also note that he provided explanations as to why various issues Whorton had with his work on the job did not constitute unworkmanlike work, including the fact that the pictures of the tile work he had done that she offered into evidence had been taken three years after he had completed the job. According to Bruce, “[a] lot of things can happen over three years.”
 

 Based on our review of the trial transcript and the documentary evidence, we conclude that both parties’ contentions regarding the question whether the work Bruce performed was done in a workmanlike manner were supported by substantial evidence. Thus, it was the circuit court’s function, as a fact-finder presented with ore tenus evidence, to resolve that dispute. We presume that the circuit court’s resolution of that question, that the tile was laid in a workmanlike manner, is correct.
 
 See City of Prattville,
 
 supra. As a result, we find no basis on which to reverse the circuit court’s judgment refusing to set off its award in favor of Bruce on the basis of his workmanship in performing the job.
 

 Based on the foregoing, we conclude that the circuit court erred to reversal when it awarded Bruce an attorney’s fee and when it awarded Bruce a “late fee” in the amount of $2,473.68 but that its refusal to set off the award in favor of Bruce was not erroneous. For these reasons, the circuit court’s judgment is affirmed in part, reversed in part, and remanded for the entry of a judgment consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . November 24, 2007, the 30th day following the entry of the judgment, was a Saturday. The first business day following November 24, 2007, was Monday, November 26, 2007, the
 
 *664
 
 day on which Whorton filed her postjugdment motion. Thus, pursuant to Rule 6(a), Ala. R. Civ. P., Whorton’s postjudgment motion was timely.
 
 See also
 
 Rule 59(b), Ala. R. Civ. P.