MURDOCK, Justice.
Century 21 Paramount Real Estate, Inc. (“Paramount”), appeals from a judgment dismissing its claims against Hometown Realty, LLC; Wayne Gentry Builder, Inc.; Michael Allen Homes, Inc.; Polo Construction Co., LLC; Allin & Associates, LLC; Chris Jordan; William A. Cleveland; and Cleveland Brothers, Inc. We reverse and remand the trial court’s judgment.

1. Facts and Procedural History

In 2003, Paramount entered into a business relationship with Cleveland Brothers, a developer in Lee County, whereby Paramount agreed to assist in the marketing of unimproved lots in a subdivision owned by *659 Cleveland Brothers. Specifically, in exchange for Paramount’s agreeing to market the lots to builders for the construction of houses, Cleveland Brothers agreed that builders who purchased the lots would be required to list for sale the houses built on those lots with Paramount. William A. Cleveland, as legal counsel for Cleveland Brothers, drafted a contract to be signed by each of the builders requiring those builders to list the houses they built on the lots for sale with Paramount. The pertinent portion of the contract provides:
“The understanding of the parties hereto is that Purchaser [the builder] intends to construct and sell houses on the subdivision lots to be conveyed pursuant to this contract. Purchaser [the builder] agrees that all of the subdivision lots acquired by Purchaser [the builder] pursuant to this contract and which are offered for sale be listed for sale with Paramount Real Estate, Inc.”
The following builders signed such a contract with Cleveland Brothers: Michael Allen Homes, Wayne Gentry Builder, Polo Construction, Chris Jordan, and Allin & Associates (hereinafter sometimes referred to collectively as “the builders”).
In January 2004, Stacy Williams Jordan (“Jordan”) entered into a “Broker-Sales Associate Contract Independent Contractor Agreement” with Paramount. Pursuant to the agreement between Jordan and Paramount, Jordan agreed to “work diligently and with [her] best efforts to sell all real estate listed with [Paramount].” Paramount contends that the agreement also required Jordan to protect proprietary information concerning Paramount’s clients, property, and contract terms, and not to attempt to divert customers from Paramount.
Jordan’s employment with Paramount was terminated on September 22, 2004. Paramount alleges that, before her employment was terminated, Jordan entered into a business relationship with Cleveland Brothers and that she divulged to Cleveland Brothers proprietary information about Paramount and its clients. According to Paramount, Jordan also began contacting the builders in an effort to have them withdraw their listings from Paramount in contravention of the contracts they had signed with Cleveland Brothers. Paramount also alleges that Cleveland Brothers advised the builders that they were not required to honor the terms of their agreements that required them to list their houses with Paramount because, Cleveland Brothers asserted, the agreements were unenforceable. The builders subsequently listed their properties with Hometown Realty, with whom Jordan allegedly had a business relationship.
On March 30, 2006, Jordan sued Paramount seeking to recover from Paramount $103,737 in real-estate commissions. According to Jordan, on the date Paramount terminated her employment, transactions were pending that she had initiated and that Paramount had subsequently completed, for which Jordan was owed commissions.
On May 18, 2006, Paramount filed its “answer” to Jordan’s complaint. On the same date, it filed a separate document, which it titled “Counterclaim and Third Party Complaint.” In this latter document, Paramount alleged various contract and tort claims against Jordan, William A. Cleveland, Cleveland Brothers, Hometown Realty, and each of the builders relating to the alleged breach or termination by these parties of their contractual and business relationships with Paramount. Among other things, Paramount alleged in its factual recitations that, prior to the termination of her employment as an agent of Paramount, “Jordan conspired with representatives of Hometown Realty, William *660 Cleveland and others to make misrepresentations concerning Paramount,” that these alleged misrepresentations were made “with the intent that third parties would forego doing business with Paramount,” and that, as a result, the builders breached their agreements with Paramount and began listing their houses for sale with Hometown Realty.
Among the numbered “counts” alleged by Paramount is one titled “Intentional Interference with Contract,” in which Paramount alleges that “Paramount had a contractual business relationship with Gently Builder, Allen Homes, Polo Construction, Allin & Associates, and ... Chris Jordan.” Paramount continues by alleging that “Jordan, Cleveland, Hometown Realty and Cleveland Brothers intentionally interfered with the contract or business relationship between Paramount and the [b]uilders.”
In a count titled “Civil Conspiracy,” Paramount alleged that Cleveland, Cleveland Brothers, Hometown Realty, each of the builders, and Jordan “conspired together in a concerted action to suppress, misrepresent, defame, and intentionally interfere with the contractual relationships between Paramount and the other parties,” thereby causing injury to Paramount.
On June 18, 2006, Jordan answered Paramount’s counterclaim. On June 22, 2006, Polo Construction Co. filed an answer and also filed a cross-claim against Jordan, Hometown Realty, and William A. Cleveland. The remainder of the parties that had been sued by Paramount filed motions pursuant to Rule 12(b)(6), Ala. R. Civ. P., to dismiss the claims against them based on an alleged failure by Paramount to state a claim upon which relief could be granted.
On October 23, 2006, Jordan filed a “Motion to Sever Counterclaim and for Separate Trial” in which, among other things, she asserted that a jury would be “confused by a joint trial of the issues raised by the Complaint, Counterclaim and Third-Party Complaint.” In its “Reply to Motion to Sever Counterclaim and for Separate Trial” filed on January 11, 2007, Paramount explained as follows:
“In this lawsuit, Jordan has made a claim against Paramount for commissions she contends were owed to her pursuant to an agency agreement executed between her and Paramount. Paramount interposed a counterclaim against Jordan asserting that she had breached the same agency agreement .... Paramount asserted in the Counterclaim that Jordan, acting in concert with William A. Cleveland, Cleveland Brothers, Inc., and Hometown Realty (collectively ‘the Cleve-lands’) contacted builders who had previously agreed to list properties with Paramount and induced them to breach their agreements with Paramount and list their properties for sale with Hometown Realty. These efforts began while Jordan was still working as an agent for Paramount. Paramount joined as Defendants William A. Cleveland, Cleveland Brothers, Inc., and Hometown Realty, [LLC], alleging that they had conspired with Jordan and had tor-tiously interfered with the business relationship between Paramount and the builders. Paramount also joined as Defendants to the Counterclaim Michael [Allen] Homes, Inc., Wayne Gentry Builder, Inc., Polo Construction [Co.], LLC, and Allin & Associates, Inc. (collectively, ‘the [b]uilders’). Those [b]uilders, at the urging of Jordan and the Clevelands, had repudiated and breached the agreements they entered with Paramount which required then to use Paramount to list properties they offered for sale.”
*661 Paramount then invoked Rules 13(h) and 20, Ala. R. Civ. P.:
“Rule 13(h) of the Alabama Rules of Civil Procedure states as follows:
“ ‘Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.’
“Rule 20(a) of the Alabama Rules of Civil Procedure provides that:
“ ‘[A]ll persons may be joined in one action as [defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief and respect of or arising out of the same transaction, occurrence, or series of transactions and occurrences and if any question of law or fact common to all defendants will arise any action.’
“Rule 20 ‘was intended to abolish the technical objections to joinder previously existing, in order to prevent a multiplicity of actions and allow all parties interested in a controversy to proceed in one action.’ Guthrie v. Bio-Medical Laboratories, Inc., 442 So.2d 92, 96 (Ala.1983). In Mock v. First City National Bank, 352 So.2d 1112, 1114 (Ala.1977), the Alabama Supreme Court quoted with approval the following passage from its prior opinion in Hooper v. Huey, 293 Ala. 63, [69,] 300 So.2d 100[, 105] (1974):
“ ‘Rules 19 and 20, [Ala. R. Civ. P.], which deal with the joinder and alignment of parties!,] are intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit all parties directly interested in the controversy despite technical objections previously existing in many situations.’
“Because the counterclaim against Jordan is grounded in her breach of the same agreement upon which her claim against Paramount is based, those two claims are clearly based upon the same transaction or occurrence, making Paramount’s counterclaim compulsory. See, Ala. R. Civ. P. 12. Because the wrongful act of the Clevelands and the [b]uild-ers were committed in concert with Jordan, and in breach of their respective contractual and common law obligations to Paramount, the predicate facts underlying the counterclaim with respect to all such defendants clearly amount to a ‘series of transactions or occurrences,’ making joinder of all of those parties to the counterclaim proper. As the Alabama Supreme Court noted in Ex parte Turpin Vise Ins. Agency, Inc., 705 So.2d 368, 371 (Ala.1997) ‘[t]here is no absolute rule for determining what constitutes “a series of transactions or occurrences.” Generally, that is determined on a case by case basis and is left to the discretion of the trial judge.’ ”
Paramount then engaged in an in-depth discussion of Ex parte Turpin Vise Insurance Agency, Inc., 705 So.2d 368 (Ala.1997).
On September 27, 2007, the trial court conducted a hearing on all pending motions. This Court has not been favored with a copy of a transcript of that hearing as part of the record on appeal; however, it appears that the issue of the dismissal of Paramount’s claims against parties other than Jordan was raised in relation to the fact that the claims asserted by Paramount against those parties, though included in a pleading titled “Counterclaim and Third-Party Complaint” in which those parties were referred to as “third-party defendants,” were not based on any potential liability by Paramount to Jordan as contemplated by Rule 14, Ala. R. Civ. P.
*662 A few days after the hearing, Paramount filed a “Response to Motion to Dismiss by Third-Party Defendants” in which it again addressed the issue of the inclusion of parties other than Jordan in its “Counterclaim and Third-Party Complaint.” Consistent with the position it had taken in its January 11, 2007, filing, Paramount contended:
“At the September 27 hearing, the Clevelands argued that dismissal of the third-party claim against them was proper because they could not be adjudged liable to [Paramount] for all or part of the claim asserted by Plaintiff Stacy Williams Jordan against [Paramount] as is required by Rule 14 of the Alabama Rules of Civil Procedure. However, because the claims asserted against the Clevelands by [Paramount] unquestionably arise out of ‘the same transaction, occurrence, or series of transactions or occurrences and ... [a] question of law or fact common to [the counterclaim asserted against Jordan by Paramount and the claims asserted by Paramount against the Clevelands] will arise in the action,’ [Paramount] clearly acted in accordance with the provisions of Rule 20(a) of the Alabama Rules of Civil Procedure by joining the Clevelands as parties to the counterclaim asserted by [Paramount] against Jordan. That the Clevelands might not technically be ‘third-party Defendants’ as that term is used in Rule 14 of the Alabama Rules of Civil Procedure does not matter. As the Supreme Court has recognized, what is controlling is the substance of a pleading, not the label attached to it by a party. Ex parte Ward, [Ms. 1051818, June 1, 2007] - So.3d - (Ala.2007).
“While [Paramount] believes strongly that this single action should be allowed to proceed against both Jordan and the Clevelands and other parties joined to the counterclaim asserted against Jordan by [Paramount], [Paramount] requests that this Court exercise its authority under Rule 20(b) of the Alabama Rules of Civil Procedure to order a separate trial of the claims asserted by [Paramount] against the Clevelands and the other parties joined to the counterclaim asserted by [Paramount] against Jordan. By taking such a course of action rather than dismissing what is clearly a proper claim, this Court will avoid penalizing [Paramount] by subjecting it to a possible statute of limitations defense which otherwise could not have been asserted against it. Attached to this response is a pro forma order for consideration by the Court.”
(Emphasis added.)
On October 15, 2007, the trial court entered an order dismissing Paramount’s claims against William A. Cleveland, Cleveland Brothers, Hometown Realty, and each of the builders, as well as certain pending cross-claims between some of these parties. Paramount subsequently filed a motion to alter, amend, or vacate the trial court’s order; the trial court failed to rule on this motion. Paramount appealed to this Court.

II. Analysis

This Court has held that it treats pleadings according to their substance, rather than merely their label. See Water Works & Sewer Bd. of Talladega v. Consolidated Publ’g, Inc., 892 So.2d 859, 864 (Ala.2004) (“This Court has long held that it may consider court filings according to their substance, not their label.”); Ex parte McWilliams, 812 So.2d 318, 322 (Ala.2001) (construing a pleading according to its substance rather than its label). Here, the substance of the additional claims filed by Paramount qualifies those claims as claims that properly could be filed under *663 Rules 13(h) and 20(a), Ala. R. Civ. P., in conjunction with Paramount’s counterclaim against Jordan, which is exactly how Paramount filed them.
Rule 13(h) provides that persons other than the original parties to the action may be joined in accordance with Rule 20 as additional defendants in connection with a party’s filing of a counterclaim. Rule 20(a) provides that all persons may be joined in one action as defendants if the claims against them arise out of the same transactions or occurrences. Here, Paramount’s additional claims arise out of the same transactions and occurrences as its counterclaim against Jordan, involving as they do allegations that Jordan and the additional parties conspired with one another to interfere with Paramount’s contractual rights and business relationships.[1]
Our caselaw supports Paramount’s position that the purpose for which it filed the claims against the additional defendants falls squarely within the policy reasons laid out by Rule 20 for allowing such claims to be joined with a counterclaim. In Guthrie v. Bio-Medical Laboratories, Inc., 442 So.2d 92, 96 (Ala.1983), this Court stated that Rule 20 “was intended to abolish the technical objections to joinder previously existing, in order to prevent a multiplicity of actions and allow all parties interested in a controversy to proceed in one action.” Likewise, in Mock v. First City National Bank, 352 So.2d 1112, 1114 (Ala.1977), the Court explained that
“ ‘Mules 19 and 20, [Ala. R. Civ. P.], which deal with the joinder and alignment of parties, are intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit all parties directly interested in the controversy despite technical objects previously existing in many situations.’ ”
352 So.2d at 1114 (quoting with approval Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23 (Ala.1979)). Moreover, “in exercising its discretion in deciding whether to sever claims, the trial court should consider the prejudice that may result to the parties if the claims are severed[2] Considerations of practicality, judicial economy, and the possibility of inconsistent results are also relevant in that regard.” Ex parte Turpin Vise, 705 So.2d at 371.
The trial court should have permitted Paramount to bring these additional parties into the case under Rules 13(h) and 20(a), Ala. R. Civ. P., and it should have treated Paramount’s pleadings according to their substance rather than the nomenclature originally given them by Paramount. According to the allegations, the actions of William A. Cleveland, Cleveland Brothers, Hometown Realty, and the builders were committed in concert with Jordan’s actions and they clearly relate to “the same ... series of transactions or occurrences,” Rule 20(a), Ala. R. Civ. P., making their joinder proper. The trial court improperly elevated the form — the *664 nomenclature initially placed on its pleading by Paramount — over the substance of the pleading, and in the process not only failed to apply the principle that this Court will consider the substance of a pleading, but also overlooked the above-quoted principle from Ex parte Turpin Vise regarding considerations of prejudice, as well as practicality and judicial economy.
For these reasons, we reverse the trial court’s order dismissing Paramount’s claims against Hometown Realty, Wayne Gentry Builder, Michael Allen Homes, Polo Construction Co., Allin & Associates, Chris Jordan, William A. Cleveland, and Cleveland Brothers, and we remand the action for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, and PARKER, JJ., concur.
STUART, SMITH, BOLIN, and SHAW, JJ., dissent.

. To the extent that Paramount has some claims against Jordan that it does not have against the other defendants (e.g., breach of her employment contract), Rule 20(a) makes it clear that persons joined as defendants in conjunction with the filing of a counterclaim by the defendant to the original complaint need not all “be interested in ... defending against all the relief demanded.”

. Certainly, there would have been no prejudice to the newly named defendants if the trial court had granted Paramount's request that it treat Paramount’s pleading according to its substance, rather than its nomenclature. Paramount, however, would be prejudiced by the denial of that request given the fact that the statute of limitations has since run.