PER CURIAM.
On September 7, 2012, State Farm Fire and Casualty Company (“State Farm”), as subrogee for its insured, John Hawkins, filed a complaint in the Houston District Court (“the district court”), seeking $7,211.50 in damages from Bonnie A. Curry and Bennie R. Walker for the damage caused to an automobile insured by Hawkins (“the insured automobile”) in an August 6, 2011, accident involving the insured automobile and an automobile owned by Walker and driven by Curry. On October 22, 2012, Curry and Walker answered the complaint and brought a “counterclaim” against Hawkins, in which they alleged that Hawkins had negligently or recklessly operated the insured automobile, resulting in the accident and injury to Curry.[1] Curry and Walker sought damages exceeding $10,000 and a jury trial; thus, the action was transferred to the Houston Circuit Court (“the circuit court”). See Whorton v. Bruce, 17 So.3d 661, 663 (Ala.Civ.App.2009); Miller v. Culver, 447 So.2d 761, 764 (Ala.Civ.App.1984).
On February 12, 2013, Curry and Walker moved to amend their “counterclaim” to add MacArthur Mike Hawkins (“MacArthur”), Hawkins’s son, who was driving the insured automobile at the time of the accident, as a counterclaim defendant. In their amended “counterclaim,” Curry and Walker alleged that MacArthur, Hawkins, and State Farm “are liable for *908 this claim,” asserted that MacArthur’s negligence, recklessness, and or wantonness had caused the accident, and sought damages resulting from injuries to Curry caused by the accident. On February 12, 2013, Hawkins filed a motion to dismiss or, in the alternative, for a summary judgment on the claims asserted against him, alleging that he was not the driver of the insured automobile on the day of the accident and could not therefore have been negligent or reckless in its operation. Curry and Walker responded to this motion by conceding that Hawkins should be dismissed as a counterclaim defendant, but they again asserted that MacArthur should be made a counterclaim defendant. After a hearing on the pending motions, the circuit court entered an order on April 25, 2013, dismissing the claims against Hawkins and State Farm, denying the motion to amend the “counterclaim,” and transferring the action back to the district court. The circuit court did not state its reason for refusing to permit the amendment of the “counterclaim” to name MacArthur as a counterclaim defendant. After their timely postjudgment motion was denied on May 9, 2013, Curry and Walker filed a notice of appeal to this court on May 22, 2013. This court has elected to treat the appeal as a petition for the writ of mandamus. See Ex parte Bailey, 814 So.2d 867, 869 (Ala.2001) (quoting Ex parte Cincinnati Ins. Co., 689 So.2d 47, 49 (Ala.1997)) (stating that an appellate court may review the disallowance of an amendment by petition for the writ of mandamus “ ‘where ... amendment of the complaint would not unduly delay the judicial process or prejudice the substantial rights of any. parties’”); McConico v. Correctional Med. Servs., Inc., 41 So.3d 8, 11 (Ala.Civ.App.2009) (treating a portion of an appeal as a petition for the writ of mandamus when proper review of the issue was by petition for the writ of mandamus).
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
Curry and Walker argue that the circuit court erred by failing to permit them to amend their “counterclaim” to name MacArthur as the proper counterclaim defendant. They rely on Rule 15(a), Ala. R. Civ. P., which states, in pertinent part:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.”
State Farm contends that the circuit court did not abuse its discretion in disallowing the amendment. Like Curry and Walker, State Farm relies on Rule 15(a) as authority supporting the circuit court’s denial of the amendment.
However, the situation presented in this case is not governed by Rule 15. Curry and Walker cannot assert a counterclaim against a nonparty. See Rule 13, Ala. R. Civ. P. (stating that a counterclaim is to be made against an “opposing party”); Little Narrows, LLC v. Scott, 1 So.3d 973, 978-79 (Ala.2008) (holding that, because the persons against whom the plaintiff had a claim were not parties to an earlier action involving the plaintiff, they were not opposing parties against whom a compulsory counterclaim had to be brought in *909 that earlier action); Corona v. Southern Guar. Ins. Co., 294 Ala. 184,186, 314 So.2d 61, 68 (1975). Instead, it appears that Curry and Walker desired to add a third party, MacArthur, as a third-party defendant. The procedure for adding a third-party defendant is governed by Rule 14, Ala. R. Civ. P. That rule reads, in pertinent part, as follows:
“At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiffs claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than ten (10) days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.”
Clearly, Curry and Walker did not comply with the requirements of Rule 14, because they did not obtain leave to file the third-party complaint. However, Curry and Walker’s attempt to make MacArthur a party suffers from a more fundamental defect — they are not alleging, as they must, that MacArthur ‘“must be liable under some theory of law or contract to [Curry and Walker] for all or part of [State Farm’s] recovery against [Curry and Walker].’ ” Bush v. Godard, 286 Ala. 370, 372, 240 So.2d 122,124 (1970) (quoting “Third Party Practice in Alabama,” The Alabama Lawyer, Vol. 28 (January 1967)); see also Campbell Constr. Eng’rs, Inc. v. Water Works & Sewer Bd. of Prichard, 52 Ala.App. 129, 138, 290 So.2d 194, 202 (Ala.Civ.App.1974). Instead, they desire to establish MacArthur’s liability to them for the accident. Our supreme court has indicated that such allegations are not sufficient upon which to base a third-party claim. Bush, 286 Ala. at 373, 240 So.2d at 124-25.
Although Bush was decided under Ala.Code 1940 (Recomp. 1958), Title 7, § 259, which first made interpleader available in Alabama practice, it is still instructive. The plaintiff in Bush was Mary G. Godard. 286 Ala. at 371, 240 So.2d at 122. She sued Albert Peyton Bush, seeking damages resulting from an automobile accident between an automobile driven by Godard and an automobile driven by Bush. Id. Bush then filed “a plea of ‘recoupment and counterclaim’” against Godard and also named as a third-party defendant Lou Holland; Bush alleged that Godard was Holland’s employee, servant, or agent, and Bush sought recovery from Holland under a respondeat superior theory. 286 Ala. at 371, 240 So.2d at 122-23. The trial court, on Godard’s motion, struck the third-party complaint and dismissed Holland from the action. 286 Ala. at 371, 240 So.2d at 122. Bush appealed, arguing that he was entitled to add Holland as a third-party defendant. 286 Ala. at 371, 240 So.2d at 123. Our supreme court determined that the trial court had properly struck the third-party complaint, stating:
“[Bush’s] allegations in his third party complaint are to effect that [Godard] and [Holland] are liable to [Bush] for [Bush’s] claim against [Godard] and [Holland]. The allegations do not show that ... Holland[ ] is or may be liable to [Bush] for. [Godard’s] claim against [Bush], and, because the allegations do not show that [Holland] is or may be so liable over to [Bush] for [Godard’s] claim against [Bush], [Bush] is not entitled to implead Holland as a third party defendant in this cause.”
286 Ala. at 373, 240 So.2d at 124-25.
Similarly, Curry and Walker’s “counterclaim” attempts to establish that MacAr *910 thur’s negligence was the cause of the accident and that he is liable to them for Curry’s injuries. The “counterclaim” is not a proper third-party claim under Rule 14. Because the circuit court properly disallowed Curry and Walker’s attempt to file what should have been a third-party complaint under Rule 14, Curry and Walker are unable to establish a clear legal right to the relief sought by their petition for the writ of mandamus. Accordingly, we deny the petition.
PETITION DENIED.
THOMPSON, P. J., and PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that the "counterclaim” against Hawkins was not permitted under our Rules of Civil Procedure. See Corona v. Southern Guar. Ins. Co., 294 Ala. 184, 186, 314 So.2d 61, 63 (1975) (noting that, in a case brought by a subrogee, the subrogor is not a parly and that a counterclaim may be asserted by a defendant only against an opposing party). However, as explained later in this opinion, the "counterclaim” against Hawkins has been dismissed.