On Application for Rehearing

PER CURIAM.
On rehearing, Bonnie A. Curry and Bennie R. Walker argue that this court failed to consider their attempt to amend their “counterclaim” to add MacArthur Mike Hawkins (“MacArthur”) as a counterclaim defendant under Rule 13(h), Ala. R. Civ. P., and Rule 20(a), Ala. R. Civ. P., which, they argue, authorize the addition of parties not already involved in an action to a counterclaim asserted against an opposing party. See Century 21 Paramount Real Estate, Inc. v. Hometown Realty, LLC, 34 So.3d 658 (Ala.2009).
As we explained in our opinion on original submission:
“On September 7, 2012, State Farm Fire and Casualty Company (‘State Farm’), as subrogee for its insured, John Hawkins, filed a complaint in the Houston District Court (‘the district court’), seeking $7,211.50 in damages from Bonnie A. Curry and Bennie R. Walker for the damage caused to an automobile insured by Hawkins (‘the insured automobile’) in an August 6, 2011, accident involving the insured automobile and an automobile owned by Walker and driven by Curry. On October 22, 2012, Curry and Walker answered the complaint and brought a ‘counterclaim’ against Hawkins, in which they alleged that Hawkins had negligently or recklessly operated the insured automobile, resulting in the accident and injury to Curry.1 Curry and Walker sought damages exceeding $10,000 and a jury trial; thus, the action was transferred to the Houston Circuit Court (‘the circuit court’). See Whorton v. Bruce, 17 So.3d 661, 663 (Ala.Civ.App.2009); Miller v. Culver, 447 So.2d 761, 764 (Ala.Civ.App.1984).
“On February 12, 2013, Curry and Walker moved to amend their ‘counterclaim’ to add MacArthur Mike Hawkins (‘MacArthur’), Hawkins’s son, who was driving the insured automobile at the time of the accident, as a counterclaim defendant. In their amended ‘counterclaim,’ Curry and Walker alleged that MacArthur, Hawkins, and State Farm ‘are liable for this claim,’ asserted that MacArthur’s negligence, recklessness, and or wantonness had caused the accident, and sought damages resulting from injuries to Curry caused by the accident. On February 12, 2013, Hawkins filed a motion to dismiss or, in the alternative, for a summary judgment on the claims asserted against him, alleging that he was not the driver of the insured automobile on the day of the accident and could not therefore have been negligent or reckless in its operation. Curry and Walker responded to this motion by conceding that Hawkins should be dismissed as a counterclaim defendant, but they again asserted that MacArthur should be made a counterclaim defendant. After a hearing on the pending motions, the circuit court entered an order on April 25, 2013, dismissing the claims against Hawkins and State Farm, denying the motion to amend the ‘coun *911 terclaim,’ and transferring the action back to the district court. The trial court did not state its reason for refusing to permit the amendment of the ‘counterclaim’ to name MacArthur as a counterclaim defendant.
"1We note that the ‘counterclaim’ against Hawkins was not permitted under our Rules of Civil Procedure. See Corona v. Southern Guar. Ins. Co., 294 Ala. 184, 186, 314 So.2d 61, 63 (1975) (noting that, in a case brought by a subrogee, the subrogor is not a party and that a counterclaim may be asserted by a defendant only against an opposing party). However, as explained later in this opinion, the ‘counterclaim’ against Hawkins has been dismissed."
Ex parte Curry, 157 So.3d 906, 907-08 (Ala.Civ.App.2014).
On original submission, we elected to treat the appeal as a petition for the writ of mandamus, and we determined that Curry and Walker were not entitled to a writ of mandamus ordering the Houston Circuit Court to allow their “counterclaim” to be amended to add MacArthur. We relied on Rule 14(a), Ala. R. Civ. P., to determine that Curry and Walker’s attempt to amend their “counterclaim” to add MacArthur was, in fact, an improper use of the third-party practice authorized by Rule 14(a).
On rehearing, Curry and Walker assert that the attempted amendment of their “counterclaim” to add MacArthur met the requirements of Rule 14(a). In a second argument on rehearing, they further assert that they were entitled to add MacArthur as a party necessary for a resolution of their “counterclaim” against State Farm. They rely on Century 21 to support their second argument.
Regarding their first argument — that their attempt to amend their “counterclaim” to add MacArthur complied with Rule 14(a) — we cannot agree. As we explained on original submission, third-party practice under Rule 14(a) is limited to those instances where the third-party plaintiff is asserting that the third-party defendant is liable to the third-party plaintiff for part or all of any damages the initial plaintiff might recover from the third-party plaintiff. Rule 14(a) (“At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiffs claim against the third-party plaintiff.”). The Committee Comments on 1973 Adoption of Rule 14 explain that
“Rule 14 is entirely procedural in nature and will not affect substantive rights. It does not establish a right of reimbursement, indemnity nor contribution, but merely provides a procedure for the enforcement of such rights where they are given by the substantive law. For example, negligent joint tortfeasors do not have a right of contribution against each other in Alabama. Gobble v. Bradford, 226 Ala. 517, 147 So. 619 (1933). Thus if a plaintiff sues one of two negligent joint tortfeasors, the one sued cannot implead the other under Rule 14, for he has no substantive right against the other. Brown v. Cranston, 132 F.2d 631 (2d Cir.1942), cert. denied 319 U.S. 741 (1943), 63 S.Ct. 1028, 87 L.Ed. 1698; Lunderberg v. Bierman[] 241 Minn. 349, 63 N.W.2d 355 (1954).”
Curry and Walker’s amended “counterclaim” attempted to assert a claim against MacArthur to collect damages for injuries to Curry and to Walker’s property resulting from MacArthur’s alleged negligence, recklessness, or wantonness in the operation of the automobile he was driving at the time of the accident. The allegations in the amended “counterclaim” do not assert that MacArthur is liable under some legal theory to Curry and Walker for damages that Curry and Walker might have to *912 pay to State Farm. As State Farm explains in its brief opposing rehearing, this court correctly concluded that Curry and Walker “cannot show that MacArthur Hawkins ‘is or may be’ liable for ‘all or part of a judgment against [Curry and Walker] should State Farm prevail against [Curry and Walker] on its negligence claim.” Thus, we cannot agree with Curry and Walker that we improperly applied Rule 14(a).
We turn now to Curry and Walker’s new argument that Rule 13(h) and Rule 20(a) entitled them to amend their “counterclaim” against State Farm to add MacArthur as a party. As noted in our opinion on original submission, the trial court dismissed Curry and Walker’s “counterclaim” against Hawkins and against State Farm. Thus, although Curry and Walker are correct in asserting that, generally, a party may join parties necessary to the adjudication of a counterclaim under Rule 13(h) and Rule 20(a), see Century 21, 34 So.3d at 663, we cannot agree that Curry and Walker can use those rules to their advantage in the present case.
Rule 13(h) provides that “[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20[, Ala. R. Civ. P.].” Rule 20(a) provides that various plaintiffs or defendants can be joined in one action if, among other reasons, the claims asserted by or against them “aris[e] out of the same transaction, occurrence, or series of transactions or occurrences.” Although the claims that Curry and Walker attempted to state against MacArthur arose out of the same accident forming the basis of their “counterclaims” against State Farm and Hawkins, the “counterclaims” Curry and Walker asserted against Hawkins and State Farm no longer exist; the trial court dismissed them in the same order as the one in which it denied Curry and Walker leave to amend their “counterclaim” to add MacArthur.[1] Thus, the vehicle by which Curry and Walker claim they were permitted to add MacArthur as a counterclaim defendant is unavailable to them. Accordingly, we decline to reconsider our opinion on original submission.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We explained that the “counterclaim” Curry and Walker asserted against Hawkins was not permitted under the Rules of Civil Procedure in note 1 of our opinion on original submission, which is quoted above. Although the trial court did not specify why it dismissed the "counterclaim” Curry and Walker asserted against State Farm, it would appear that the counterclaim was dismissed because it was not permitted under the direct-action statutes, Ala.Code 1975, §§ 27-23-1 and 27-23-2, which prevent direct actions against-insurers until after a judgment against an insured is secured. Thus, because Curry and Walker had not yet secured a judgment against the alleged tortfeasor, who, in this instance, is MacArthur, they would not have been permitted to sue State Farm to recover the amount of damages for which they alleged MacArthur should be responsible and for which State Farm might be liable under its insurance contract with Hawkins. See generally Maness v. Alabama Farm Bureau Mut. Cos. Ins. Co., 416 So.2d 979, 982 (Ala.1982), abrogated on other grounds, Woodall v. Alfa Mut. Ins. Co., 658 So.2d 369 (Ala.1995); see also Howton v. State Farm Mut. Auto. Ins. Co., 507 So.2d 448, 450 (Ala.1987) (stating “the fundamental and well-established general principle that an accident victim (a third party to a liability insurance contract) cannot maintain a direct action against the insurer for the alleged liability of the insured where the legal liability of the insured has not been determined by judgment”).